[No. B132198. Second Dist., Div. Three. July 6, 2000.]

DARREN MANIBOG et al., Plaintiffs and Appellants, v.
MEDIAONE OF LOS ANGELES, INC., Defendant and Respondent.

**COUNSEL**

Law Office of Jonathan Weiss and Jonathan Weiss for Plaintiffs and Appellants.

Robins, Kaplan, Miller & Ciresi, Kathleen A. Marron, Thomas A. Miller and Tara M. Flanagan for Defendant and Respondent.

Jeffrey Sinsheimer for California Cable Television Association as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**CROSKEY, J.**—Plaintiff Darren Manibog challenges the validity of a late fee charged by defendant MediaOne of Los Angeles, Inc. (MediaOne), a cable television operator. He contends the $4.99 fee charged to delinquent accounts violates the $4.75 delinquency fee limit imposed by Government Code[1] section 53088.7. MediaOne contends the $4.99 fee includes two separate fees, a $4.75 delinquency fee and a $0.24 franchise fee, and does not violate the statute. Manibog appeals a summary judgment in favor of MediaOne. We reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Manibog is a cable television subscriber and Los Angeles resident. MediaOne provides cable television service to customers in Los Angeles under a franchise from the city. Under the franchise agreement and pursuant to state and federal law (§ 53066, subd. (c); 47 U.S.C. § 542(b)), MediaOne pays the city a franchise fee equal to 5 percent of its gross revenue.

MediaOne charges customers who are delinquent on periodic payments a "late fee" in the amount of $4.99. Its rate card provided to customers states that the late fee includes a 5 percent franchise fee payable to the city. MediaOne notified Manibog in June 1998 that his account was delinquent and warned him that it would impose a $4.99 late fee if he failed to pay the balance due within 14 days.

Manibog sued MediaOne in August 1998 on behalf of himself and others similarly situated, alleging that the $4.99 late fee violated the $4.75 delinquency fee limit imposed by section 53088.7 and was an unfair business practice (Bus. & Prof. Code, § 17200 et seq.). The parties stipulated to adjudicate the legal issue of the validity of the late fee by way of motions for summary adjudication and summary judgment before the hearing on class certification.

Manibog moved for summary adjudication and MediaOne moved for summary judgment in February 1999. Manibog maintained that the entire late fee is a delinquency fee within the meaning of section 53088.7, so the $4.99 late fee exceeds the statutory delinquency fee limit of $4.75. MediaOne argued that the late fee consists of a $4.75 delinquency fee and a 5 percent franchise fee on that amount, equal to $0.24, passed through to the consumer pursuant to federal law. The court heard both motions on the same day in March 1999 and took the matter under submission.

---

[1]All statutory references are to the Government Code unless otherwise specified.
[2]The operative facts summarized here are undisputed.

The trial court concluded that MediaOne's $4.99 late fee consists of a $4.75 delinquency fee and a 5 percent franchise fee on that amount, that federal law allows MediaOne to pass through to consumers the franchise fee on the delinquency fee, and that section 53088.7 does not prevent MediaOne from passing through the franchise fee in addition to a $4.75 delinquency fee because the statute does not expressly state that the $4.75 delinquency fee limit is inclusive of franchise fees. Thus, it concluded that the term "delinquency fee" in section 53088.7 includes only that part of the late fee retained by MediaOne and does not include the 5 percent franchise fee remitted to the city. It concluded that MediaOne's late fee therefore does not violate section 53088.7 and granted summary judgment in favor of MediaOne. The court did not expressly deny Manibog's summary judgment motion but declared it moot and took it off calendar, and entered judgment in favor of MediaOne in May 1999. Manibog timely appealed the judgment.

## CONTENTIONS

Manibog contends the entire late fee is a delinquency fee within the meaning section 53088.7, it exceeds the statutory delinquency fee limit of $4.75, and the court erred in granting summary judgment in favor of MediaOne.[3] MediaOne contends only $4.75 of the late fee is a delinquency fee within the meaning of section 53088.7, it does not violate the statutory limit, and summary judgment was proper.

## DISCUSSION

### 1. Standard of Review

We review the ruling on a motion for summary judgment de novo, applying the same standard as the trial court. (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 925-926 [68 Cal.Rptr.2d 571].) A defendant moving for summary judgment must show that one or more elements of the cause of action cannot be established or that there is a complete defense. (Code Civ. Proc., § 437c, subd. (o)(2).) Once the defendant meets that burden, the burden shifts to the plaintiff to set forth "specifics facts" showing that a triable issue of material fact exists. (*Ibid.*) The operative facts here are undisputed and the dispositive issue is purely a legal issue involving statutory interpretation and the application of a statute to undisputed facts, which we review de novo. (*Kurtz v. Calvo* (1999) 75 Cal.App.4th 191, 193 [89 Cal.Rptr.2d 99].)

---

[3]Manibog does not challenge the court's ruling, or failure to rule, on his motion for summary adjudication.

### 2. The Entirety of MediaOne's "Late Fee" Is a Delinquency Fee Under Section 53088.7

■ Section 53088.7 provides that a cable television operator may charge customers a delinquency fee of no more than $4.75.[4] It states that a delinquency fee may exceed $4.75 only if the Federal Communications Commission (FCC) *expressly* requires late fees to be fully included when setting benchmark rates, an exception that is inapplicable here.[5] It also allows a $10 collection fee in addition to the delinquency fee when the cable television operator sends an employee or contractor to the customer's residence to collect payment or disconnect service, which is also inapplicable here. The statute does not expressly define the term "delinquency fee."

The question of whether the entire late fee is a delinquency fee under section 53088.7 turns on the meaning of the term "delinquency fee" as used in the statute. ■ The fundamental goal of statutory construction is to ascertain the intent of the Legislature so as to effectuate the purpose of the statute. (Code Civ. Proc., § 1859; *People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) The words of a statute ordinarily provide the most reliable indication of legislative intent. (*Pacific Gas & Electric Co. v. County of Stanislaus* (1997) 16 Cal.4th 1143, 1153 [69 Cal.Rptr.2d 329, 947 P.2d 291].) We do not construe a statute in isolation but also consider other related statutes so as to harmonize and make effective the entire scheme of law of which it is a part. (*People v. Pieters, supra,* 52

---

[4]Section 53088.7 provides:

"[(a)] Notwithstanding Section 53088.2, a delinquency fee charged in a cable television transaction which is not in excess of four dollars and seventy-five cents ($4.75) and which is imposed in accordance with the procedures set forth in Section 53088.6 shall be valid. The delinquency fee may not exceed four dollars and seventy-five cents ($4.75), unless the Federal Communications Commission expressly requires late fees to be fully included when setting benchmark rates applicable to a cable television operator. If this requirement is imposed by the Federal Communications Commission, then the maximum delinquency fee charged by the cable television provider shall be 1½ percent of the delinquent amount in the relevant franchise areas for as long as late fees are fully included in benchmark rates.

"(b) A collection fee which is not in excess of ten dollars ($10) and is in addition to the delinquency fee shall also be valid in a cable television consumer service transaction if the service provider sends an employee or contractor to the customer's residence in order to collect payment or disconnect service and the fee is imposed in accordance with the procedures set forth in Section 53088.6."

Section 53088.2 prescribes several duties of video providers, including cable television providers (§ 53088.1, subd. (a)), with respect to customer service and states that a "late fee" can be assessed no earlier than 22 days after billing. Section 53088.6 requires prior written notice that a fee for delinquent payment of cable television services will be imposed and states that the fee can be assessed no earlier than 27 days after the due date stated in the invoice.

[5]The FCC regulates cable television service rates pursuant to the Cable Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 521 et seq.). (*Id.,* § 543.)

Cal.3d at p. 899.) When a statute specifies exceptions to a general rule, a court should not infer other exceptions unless a legislative intent to do so can be discerned. (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].)

■ Section 53088.7 is part of an article enacted in 1996 governing consumer cable television contracts (§ 53088.5 et seq.). (Stats. 1996, ch. 666, § 1.) The codified legislative findings state that the purpose of the article is to prevent abuses and overcharges with respect to a certain type of fee and to avoid the immediate termination of services for short-term delinquency in payment. (§ 53088.5, subds. (a), (b) & (e).)[6] Section 53088.5, subdivision (a) refers to the fee in question as "a fee to be imposed upon a consumer's failure to make full and timely payment of periodic charges for those [cable television] services." In light of the codified statement of legislative intent and consistent with the rule that a statute should be construed in context with other related statutes, we construe the term "delinquency fee" in section 53088.7 to mean the type of fee described in section 53088.5, subdivision (a).

MediaOne's entire late fee is a delinquency fee within this definition. The entire late fee is imposed upon a customer's failure to make full and timely payment. The fact that MediaOne retains part of the fee and remits part of it to the city does not mitigate the effect on the consumer who is required to pay the entire fee imposed. Neither section 53088.5, subdivision (a), nor section 53088.7 limits the definition of delinquency fee to only those amounts retained by the cable television operator; nor do they except the franchise fee remitted to the franchising authority (i.e., the city) from the delinquency fee limit, as they expressly except the $10 collection fee (§ 53088.7, subd. (b)). Absent such an express exception or limitation, we must construe the term "delinquency fee" to include the entire late fee imposed by MediaOne.

MediaOne argues that federal law allows it to pass through to consumers the franchise fee on its gross revenue, including the franchise fee on the

---

[6]Section 53088.5 provides:

"The Legislature hereby finds and declares as follows:

"(a) It is a common practice in the sale or lease of cable television services for a fee to be imposed upon a consumer's failure to make full and timely payment of periodic charges for those services.

"(b) It is desirable to establish certain reasonable minimum standards to prevent abuse or overcharges.

"(c) Complicated and expensive accounting determinations are required to fairly assess the exact costs which are incurred for collection and accounting for delinquent payments.

"(d) Currently, the Federal Communications Commission excludes late fees from inclusion when setting benchmark rates.

"(e) It is desirable to encourage the practice of extending services and avoiding the immediate termination of services notwithstanding a short-term delinquency."

delinquency fee. It argues that construing the term "delinquency fee" in section 53088.7 to include the franchise fee passed through to consumers would prevent it from passing through the franchise fee, would conflict with federal law allowing a pass through, and therefore would be preempted by the supremacy clause. Manibog concedes the point that federal law allows MediaOne to pass through to consumers the franchise fee on the delinquency fee but contends section 53088.7 does not prevent it from doing so within the $4.75 delinquency fee limit.[7]

We agree with Manibog. Our construction of section 53088.7 does not prevent MediaOne from passing through the franchise fee, but prevents it from charging a delinquency fee in excess of $4.75, inclusive of any franchise fee. Federal law neither limits delinquency fees nor prohibits the states from doing so, so there is no conflict with federal law.

We therefore conclude that section 53088.7 prevents a cable television operator from charging a delinquency fee in excess of $4.75, irrespective of whether the cable television operator designates part of that sum a delinquency fee and part a franchise fee. It does not prevent a cable television operator from passing through franchise fees provided that the total fee imposed upon the customer's delinquency does not exceed $4.75.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. Manibog shall recover his costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 18, 2000.

---

[7]MediaOne cites a federal statute (47 U.S.C. § 542(c), (f), (g) & (i)) and FCC rulings interpreting the statute in support of its construction of federal law. Since we conclude that section 53088.7 does not prevent cable television operators from passing through franchise fees, as discussed *post*, there is no conflict and we need not decide whether federal law allows a pass-through. Accordingly, we express no opinion on that issue of federal law.