Filed 4/7/26  Smith v. Stater Bros. Markets CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PAUL SMITH, | D086159 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CVRI2301697) |
| STATER BROS. MARKETS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Reversed and remanded with directions.

Downtown L.A. Law Group, Andrew M. Morrow and Jami I. Copeland, for Plaintiff and Appellant.

Varner & Brandt, Angelica A. Samaniego and Grant A. Reader, for Defendant and Respondent.

Paul Smith was injured when using a shopping cart outside a store owned by Stater Bros. Markets.  Before entering the store, Smith parked his car in the same large parking lot that serves the grocery store and other businesses in the strip mall.  The mall was busy that day, so Smith parked directly in front of a nearby store.  After purchasing two bags of ice and loading them into his shopping cart, he left the Stater Bros. market and was pushing the cart along the mall sidewalk when the cart's antitheft wheel locking mechanism engaged.  He ran into the cart, fell down, and suffered an injury.

Smith sued Stater Bros., claiming it breached its duty to warn customers about the wheel locking mechanism.  The trial court granted summary judgment in favor of Stater Bros., finding that a label inside the cart, a sign posted in the parking lot, and a yellow strip painted on part of the pedestrian path constituted sufficient warnings as a matter of law.

But the general reasonableness of efforts a defendant makes to prevent injury, and the specific adequacy of warnings, are typically questions of fact for a jury to resolve.  This case is no exception.  The sufficiency of the warnings provided by Stater Bros. presents a contextual question of fact that cannot be resolved as a matter of law on the basis of this record.  Accordingly, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Smith was shopping at a Stater Bros. grocery store in Lake Elsinore.  The store is part of a shopping plaza in which multiple stores share the same parking lot.  The parking lot was busy that day, and Smith parked approximately 200 feet from the entrance to the grocery store, in front of a Dollar Tree discount store.

2

Once at the grocery store, Smith took a shopping cart. Smith's cart, like all of the store's carts, was equipped with an automatic wheel locking system triggered when a customer takes the cart beyond a designated perimeter. The inner left side of the cart bore a label stating "!WARNING!" in red font and, "Shopping Carts *may* stop unexpectedly at exit doors and carts *will* stop if taken beyond the perimeter of the parking lot." (Italics added.)



This warning label was positioned inside the main basket of the cart, below waist height for an average adult:



Smith testified he did not see the label in the cart.

He proceeded to shop, placing two large bags of ice in his cart that obscured the warning label. He then exited the store, returning to his car along the pedestrian path closer to the front of the building than the parking lot. After he passed the Dollar Tree, the wheel locking mechanism engaged, stopping the cart abruptly. Smith struck the cart, then fell on the ground, resulting in an injury to his shin.

There was a warning sign as well as a yellow strip painted on the walkway between the exit of the store and where Smith was injured:



The strip appears to cover only part of the walkway, closer to the parking lot than the front of the building. The sign, which is placed beyond the yellow

line, states, "Attention Shoppers!  Our shopping carts will lock if taken beyond the parking lot perimeter.  While distinctive yellow lines mark normal exits, the entire lot perimeter is protected."

Smith did not see the sign or the painted strip, which he said were "many, many feet from where [he] was traversing."  He testified he did not directly cross the yellow strip and that there are "large planters that block" one's view of the strip when coming out of the store.

Smith sued Stater Bros. alleging, among other things, that Stater Bros. failed to adequately warn customers of a dangerous condition.  Stater Bros. moved for summary judgment, arguing it "did not breach its duty to [Smith] because adequate warnings of the locking system were provided."  The trial court agreed, finding that Stater Bros. "provided multiple, adequate warnings," including the label inside the shopping cart, the sign in the parking lot, and the painted strip on the path.  The court rejected Smith's assertion that the sign and strip were "not visible due to planters, flags or people" based on the photographs submitted by the parties.  It also found that Smith "should have read the [label in the cart] before putting the 40-pound bag of ice in the cart."

## DISCUSSION

A defendant moving for summary judgment has the burden of establishing "that there is no triable issue of material fact and that [the defendant] is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  "Courts deciding motions for summary judgment . . . may not weigh the evidence but must instead view it in the light most favorable to the opposing party and draw all reasonable inferences in favor of that party." (*Weiss v. People ex rel. Department of Transportation* (2020) 9 Cal.5th 840, 864.)  We review a summary judgment

5

"de novo, applying the same standard as the trial court." (*Manibog v. MediaOne of Los Angeles, Inc.* (2000) 81 Cal.App.4th 1366, 1369.)

"The elements of a cause of action for negligence are duty, breach, causation, and damages." (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 529.) For purposes of this appeal, Stater Bros. does not dispute that it had a duty to warn Smith of the locking mechanism on its shopping carts. Rather, the question presented for our review is whether Stater Bros. is entitled to summary judgment because, as a matter of law, it did not breach that duty. Breach is "ordinarily [a] question[] of fact for the jury's determination." (*Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 278.)

Stater Bros. relies on the label inside Smith's shopping cart, the parking lot sign, and the yellow strip on the pedestrian path, claiming these collectively constituted sufficient notice of the wheel locking mechanism. Viewing the evidence in the light most favorable to Smith, there are triable issues of fact regarding the sufficiency of these warnings.

First, the shopping cart label was not in an especially prominent place in the cart. It looks somewhat far from where a customer would hold the cart handle, at an apparently low angle for an average adult, and on the side of the cart rather than in front, where a customer is likely to be looking. Given that the purpose of a shopping cart is to hold customers' items, the label could frequently be obscured by items that the customer places in the cart. Indeed, this is what Smith claims happened to him. It seems plausible that an average customer might not notice the label at all.

Even assuming Smith read the label, it states that carts "may stop unexpectedly at exit doors" and "will stop if taken beyond the perimeter of the parking lot." Smith's cart did not stop at the exit door of the Stater Bros. store. According to the label and the posted sign, the customer should then

6

be concerned about trying to take the cart beyond "the perimeter of the parking lot." But neither the label nor the sign explains where that "perimeter" is, particularly given that the store is part of a shopping mall with a large, contiguous parking lot. Because the critical fact for a customer to know is where a cart is likely to stop, a jury could find this label does not constitute an adequate warning to customers.

To that end, Stater Bros. relies on photos of a yellow strip and a single sign in the parking lot, which purportedly mark the designated parking area for the grocery store. But the label and sign do not refer to a "designated" parking area for Stater Bros., but rather "*the* parking lot." (Italics added.) Nor is it clear whether or to what extent the yellow strip and sign are visible to a customer walking along the building side of the pedestrian path, as Smith apparently did. To the contrary, the yellow strip only marks part of the pedestrian path and does not continue to the building, while the sign is even farther from the building than the strip. Smith testified he did not cross the strip depicted in the photo, and the photos in the record are not inconsistent with Smith's assertions that the sign and strip were "many, many feet from where [he] was traversing." Additionally, and contrary to Stater Bros.'s assertions, the photos show "large planters" that might block a customer's view of the strip when coming out of the store. ·

In short, this is not the unusual or exceptional case where the adequacy of the Stater Bros. warnings is crystal clear such that the question can be decided as a matter of law. Rather, there are triable issues of material fact bearing on whether the warnings were sufficient, and Stater Bros. is not entitled to summary judgment.

## DISPOSITION

The judgment is reversed with directions to deny the motion for summary judgment.  Smith is entitled to recover his costs on appeal.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.

8