[No. D031301. Fourth Dist., Div. One. Sept. 27, 1999.]

SAMUEL T. KURTZ et al., Plaintiffs and Appellants, v.
PAUL CALVO et al., Defendants and Respondents.

**COUNSEL**

Stephen W. Misch for Plaintiffs and Appellants.

Robert A. Lisnow for Defendants and Respondents.

## Opinion

**McINTYRE, J.**—Samuel T. Kurtz and Jerelyn Kurtz (collectively, Plaintiffs) sued Paul Calvo, Peggy Calvo, Howard Yonet, and Daniele Yonet (collectively, Defendants) to collect on a promissory note. They appeal a judgment in favor of Defendants after the first phase of a bifurcated trial in which the court determined the action is barred by the antideficiency rule of Code of Civil Procedure section 580b (section 580b). They contend (1) the antideficiency rule does not apply because the trust deed securing the note was not recorded against the purchased property, and (2) the court improperly decided an issue of fact concerning whether the trust deed beneficiary was a "vendor" within the terms of the statute. We reverse the judgment.

### Factual and Procedural Background

Defendants purchased an apartment building in El Cajon. Real estate broker David Savage received from Defendants a commission or "finder's fee" of $10,000 in cash and a $48,500 promissory note in connection with the purchase. The note was secured by a junior deed of trust against a property in National City that Defendants had purchased three years earlier. Savage assigned the note to Plaintiffs. Defendants later lost both properties in foreclosures by senior lienholders.

Plaintiffs sued Defendants for breach of contract alleging nonpayment of the promissory note. The court bifurcated the issue of a defense under section 580b and heard testimony without a jury. Concluding that the evidence was not in conflict and that *Conley* v. *Matthes* (1997) 56 Cal.App.4th 1453 [66 Cal.Rptr.2d 518] was directly on point, the court determined the antideficiency rule of section 580b precluded an action on the note and entered judgment in favor of Defendants in January 1998.

### Discussion

Section 580b states in pertinent part: "No deficiency judgment shall lie in any event after a sale of real property . . . under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property . . . ."

Plaintiffs' principal contention on appeal is that section 580b does not apply because the trust deed securing the note was not recorded against the purchased property in El Cajon. This presents an issue of statutory interpretation and the application of a statute to undisputed facts, which we review de novo. (*Murphy* v. *Padilla* (1996) 42 Cal.App.4th 707, 711 [49

Cal.Rptr.2d 722].) ■■■ We agree with this contention and reverse the judgment, making their other contention moot.

■■ Section 580b prohibits a deficiency judgment after a judicial or nonjudicial foreclosure under a trust deed securing a purchase money loan. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 603 [125 Cal.Rptr. 557, 542 P.2d 981]; *Birman* v. *Loeb* (1998) 64 Cal.App.4th 502, 510 [75 Cal.Rptr.2d 294].) For purposes of section 580b, a deficiency judgment includes a judgment in an action on the note by a sold-out junior lienholder. (*Brown* v. *Jensen* (1953) 41 Cal.2d 193, 197-198 [259 P.2d 425]; *Barash* v. *Wood* (1969) 3 Cal.App.3d 248, 250 [83 Cal.Rptr. 153].)

■■■ *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 41 [27 Cal.Rptr. 873, 378 P.2d 97], held that the prohibition against a deficiency judgment in section 580b generally applies only where the foreclosure is under a trust deed on the purchased property. The 1989 amendment to section 580b, enacted some time after the decision in *Roseleaf*, specifies that the prohibition against a deficiency judgment applies only where the foreclosure is under a trust deed on "that real property," the purchase price of which is secured by the trust deed. (Stats. 1989, ch. 698, § 12, p. 2289.)

*Conley* held that two closely related sales constituted "essentially one transaction," so that a trust deed on one property securing the sales price of the other property was subject to the antideficiency rule of section 580b. (*Conley* v. *Matthes*, *supra*, 56 Cal.App.4th at pp. 1464-1465.) In that case, the two properties were marketed and sold as a package by the same seller to the same buyer, the same lender provided first trust deed financing on both properties, and the properties were sold at the same time under simultaneous escrows. (*Id.* at p. 1464.)

Here, Plaintiffs' trust deed securing payment of the purchase price was recorded against the National City property, not against the purchased El Cajon property. Thus, Plaintiffs' action on the note does not seek a deficiency judgment within the terms of section 580b. Moreover, the sale of the National City property occurred three years earlier and was completely unrelated to the sale of the El Cajon property, so that the two sales did not constitute essentially one transaction as in *Conley*. Therefore, we conclude that the antideficiency rule of section 580b does not apply.

Defendants contend it would serve the purposes of section 580b to preclude a deficiency judgment whenever a purchase money note is secured by a trust deed on property other than the purchased property, so the statute should apply in those circumstances. Neither *Conley* nor the other cases cited

by Defendants support such a broad proposition, and the proposition is contrary to both *Roseleaf*, and the language of section 580b as amended.

## DISPOSITION

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion. Plaintiffs are to recover costs on appeal.

Kremer, P. J., and Nares, J., concurred.