[No. A086261. First Dist., Div. Four. Feb. 18, 2000.]

MILTON LORIG et al., Plaintiffs and Appellants, v.
MEDICAL BOARD OF CALIFORNIA et al., Defendants and
Respondents.

## COUNSEL

Davis, Cowell & Bowe, Richard G. McCracken and Joni S. Jacobs for Plaintiffs and Appellants.

Bill Lockyer, Attorney General, Alvin J. Korobkin, Assistant Attorney General, Vivien Hara Hersh and David M. Carr, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**SEPULVEDA, J.**—Milton Lorig and Michael Burton are physicians licensed by respondent Medical Board of California (the Board). Lorig and Burton are also members of the Union of American Physicians and Dentists (the Union), which is the recognized bargaining representative for approximately 2,000 physicians and dentists employed by the State of California and nine political subdivisions. Lorig, Burton, and the Union (collectively appellants) timely appeal from a judgment by which the San Francisco Superior Court denied their request for injunctive and declaratory relief, and dismissed their complaint. The issue presented is whether the Board violated the Information Practices Act (Civ. Code, § 1798 et seq. (IPA)), or the California Public Records Act (Gov. Code, § 6250 et seq. (CPRA)), by posting appellants' names and "addresses of record" on its Internet Web site. The trial court ruled that the address of record filed with the Board by a licensed physician is an item of public information, and that disclosure of that information on respondents' Web site gives rise to no triable issue of fact with respect to any violation of the IPA or the CPRA. We agree, and will affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By statute and regulation, each physician licensed to practice in California is required to file a proper and current mailing address with the Board, and to immediately notify the Board of any and all changes of mailing address, giving both the old and new address. (Bus. & Prof. Code, §§ 136, subd. (a), 2021, subds. (a) & (b); Cal. Code Regs., tit. 16, § 1303.) Pursuant to Board policy, moreover, "all business mail . . . including your renewal notices and renewal licenses" is sent to what the Board calls the physician's "address of record," which is the same as the mailing address provided by the doctor.

In May 1997, pursuant to Business and Professions Code section 2027, the Board established an Internet Web site (http://www.medbd.ca.gov) that provides general information regarding Board services, as well as licensing and discipline information about physicians and other licensees. The Web site can be accessed 24 hours a day, and the Board has no direct means of determining who is accessing the Web site or for what purpose.

Prior to July 1997, many doctors used their home addresses as their addresses of record. This was especially true with respect to psychiatrists—

such as appellants Lorig and Burton—who are employed by state and local government clinics and prisons, and are unable to receive mail where they treat patients. Many of these doctors treat mentally ill or violent patients, and have taken steps to protect their homes and families by such means as using unlisted telephone numbers. These doctors justifiably fear that unlimited, anonymous access to their home addresses poses a serious danger to themselves and their families. However, it is undisputed that, before it established its Internet Web site, the Board received tens of thousands of requests each month for address information about California physicians, and that the Board provided such information to anyone who made a request in writing, or by telephone during business hours, without requiring the individual to identify himself or herself.[1]

On July 10, 1997, the Board announced that it would begin posting physicians' addresses of record on its Web site, and gave licensees until September 1, 1997, to provide an alternative address of record if they did not want their home mailing addresses disclosed in this manner. The Board informed the doctors that a post office box could serve as an address of record so long as a street address, which would remain confidential, was also provided. By the end of calendar year 1997, approximately 45,000 physicians requested a change of address in response to the Board's notice.

On October 7, 1997, appellants filed the instant action seeking declaratory relief and an injunction against the disclosure of licensees' home addresses on the Board's Web site. Appellants' complaint contained two causes of action, alleging that the planned disclosure violated certain provisions of the IPA and CPRA. On November 10, 1997, the parties stipulated that the address line of the Web site listings would remain blocked pending resolution of this case in the trial court.

In January 1998, appellants moved for summary judgment on their complaint. Respondents filed a cross-motion for summary judgment, which was

---

[1]Appellants do not explain how Web site posting of an address of record is any more dangerous than the prior system of unfettered disclosure of a home mailing address upon telephonic inquiry by an anonymous requester. For the first time at oral argument, appellants claimed that they did not know the Board was releasing their address of record information to members of the public until they received notice of the Board's plan to post that information on the Internet in July 1997. This argument finds no support in the record and is, indeed, contradicted by evidence that, with every license renewal notice and in some of its publications, the Board informs licensees that their address of record is public information. Nevertheless, we will accept for the sake of argument appellants' claim that the ability to access address information on the Internet around the clock, with a higher level of anonymity and without leaving a trail of "hard" evidence, will make it marginally easier for a hostile or dangerous patient to find and injure a physician who uses his or her home address as an address of record.

heard along with appellants' motion on February 25, 1998. On the same date, the trial court granted respondents' motion and concluded: "There is no triable issue of material fact as to the following matters, for the reasons indicated: 1. The address of record of physicians licensed to practice medicine in California is an item of public information. 2. The Medical Board of California does not violate the provisions of the [CPRA] nor of the [IPA] by publishing the address of record of California-licensed physicians on the Medical Board's [Internet Web site]."

Judgment was entered on February 23, 1999. Appellants' notice of appeal was timely filed on March 10, 1999.

## II. DISCUSSION

### A. *Providing Public Access to a Physician's Address of Record Serves Significant Public Interests.*

At the outset, it is important to note that appellants have framed the issues in this case around an assumption that the Board has acted arbitrarily and in violation of the CPRA and the IPA by mandating disclosure of their *home* addresses. The Board has done no such thing. Nor did the trial court find, as appellants assert in their opening brief, that "home addresses of physicians [are] subject to public disclosure."

It is undisputed that the Board has long required licensed physicians to provide it with a mailing address, also known as the licensee's "address of record," and that the Board—as the agency charged with regulating the practice of medicine in California (Bus. & Prof. Code, § 2000 et seq.)—has interpreted certain statutes as imposing upon it a duty to make that information available to the public. (See Gov. Code, §§ 6252, subd. (e), 6253, subds. (a) & (b); see also Civ. Code, § 1798.61, subd. (a).)[2] However, it is entirely up to the licensed physician to designate his or her address of record, and the licensee has several options in that regard. As the Board stated in a letter to all licensees on July 10, 1997: "You can use an address at which you can receive mail such as a home or business address, or a post office box. If you choose a post office box number, by law you also must provide a street address. *In this case, the street address will remain confidential.*" (Italics in original.)

It is also important to note that providing ready public access to an accurate, current address of record for physicians licensed in California

---

[2]It is also undisputed that a licensee must report any change in his or her address of record within 30 days after each change. (Bus. & Prof. Code, § 2021, subd. (b).) This statute further requires the licensee to provide a street address, as to which he or she may request confidentiality, if the address provided to the Board is a post office box. (*Ibid.*)

serves significant—in some respects, compelling—public interests. It enables patients to locate medical records maintained by their former physicians. It establishes a certain and reliable location for effecting service of process on the licensee. (See Code Civ. Proc., § 415.30; but cf. *id.*, § 415.20, subd. (b).) It also helps to more accurately identify a particular physician (e.g., where two or more physicians share the same name) about whom a prospective or former patient may wish to inquire (e.g., to locate medical records, or to find out about a record of discipline or malpractice judgments for a given physician).

With the foregoing considerations in mind, we proceed to the merits of appellants' statutory claims.

B. *The CPRA Does Not Prohibit Public Disclosure of Physicians' Addresses of Record.*

Appellants first claim the trial court erred when it concluded that posting physicians' addresses of record on the Board's Web site would not violate the CPRA. This is really an argument that the address of record for a physician who is employed by the state, and who uses his or her home address as an address of record, falls within an exception to the CPRA definition of "public records." The parties appear to agree that this issue involves interpretation of the CPRA, and application of the statute to undisputed facts. ■ This is a question of law subject to de novo review. (See *Kurtz v. Calvo* (1999) 75 Cal.App.4th 191, 193 [89 Cal.Rptr.2d 99]; *Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722].)

The CPRA defines "public records" in Government Code section 6252, subdivision (e), as follows: " 'Public records' includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." ■ By its own terms, the CPRA embodies a strong policy in favor of disclosure of public records (see Gov. Code, §§ 6250 & 6252, subds. (a), (b)), and any refusal to disclose public information must be based on a specific exception to that policy (*Johnson v. Winter* (1982) 127 Cal.App.3d 435, 437 [179 Cal.Rptr. 585]).

■ Appellants rely on two statutory exceptions for their argument that the Board policy requiring Web site posting of physicians' addresses of record violates the CPRA. The first of these exceptions is found in Government Code section 6254.3, subdivision (a), which provides: "The home addresses and home telephone numbers of state employees . . . shall not be deemed to be public records and shall not be open to public inspection

. . . ." As our colleagues in the Sixth Appellate District recently noted, courts closely scrutinize any proposed disclosure of names and home addresses contained in public records because individuals have a substantial privacy interest in their home addresses. (*City of San Jose v. Superior Court* (1999) 74 Cal.App.4th 1008, 1019-1020 [88 Cal.Rptr.2d 552].) Appellants' argument under subdivision (a) of Government Code section 6254.3 fails, however, because the Board is not proposing to disclose any physician's home address. The Board has long required physicians to maintain a current, accurate address of record for mailings from the Board and for disclosure to the public upon request. The required information is, in essence, a business address. Once a physician elects to designate a home address as his or her address of record, in full knowledge that it will be disclosed—whether in response to a telephonic request or an inquiry at the Board's Web site—the Board is justified in treating it as public record information.

Appellants further contend that their home addresses are in a class of information defined by subdivision (c) of Government Code section 6254, which exempts from disclosure all "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." If the Board were *requiring* physicians to use their home addresses as their addresses of record, there might be room for such an argument. (See *City of San Jose v. Superior Court, supra,* 74 Cal.App.4th at pp. 1019-1020.) But, once again, appellants and others similarly situated are free to designate the address of their place of business, or a post office box, as their address of record. Any privacy interest a physician may have with respect to this type of information is minimal and far outweighed by the public interests asserted by the Board. In addition, any privacy interest the licensee may have in his or her address of record—even if it is also a home address—may be deemed waived by the affirmative decision to provide that address to the Board with full knowledge that it will be posted on the Internet. (See *Pettus v. Cole* (1996) 49 Cal.App.4th 402, 448-449 [57 Cal.Rptr.2d 46].) Moreover, to the extent the cost of maintaining a separate address of record imposes a burden on the privacy interests of appellants and other physicians, it is a very small one and one that is justified in the circumstances. Thus, we conclude the trial court did not err by rejecting appellants' claims under the CPRA.

*C.   The IPA Does Not Prohibit Public Disclosure of Physicians' Addresses of Record.*

Appellants further contend that disclosure of their addresses of record on the Board's Web Site violates the IPA. Again, this issue involves the interpretation and application of a statute to undisputed facts, and is a

question of law subject to de novo review. (*Kurtz v. Calvo, supra,* 75 Cal.App.4th at p. 193; *Murphy v. Padilla, supra,* 42 Cal.App.4th at p. 711.) This contention is related to appellants' claim under the CPRA, and fails for similar reasons.

In relevant part, the IPA forbids the "indiscriminate . . . dissemination of personal information" by state agencies, and prohibits them from disclosing "any personal information in a manner that would link the information disclosed to the individual to whom it pertains." (Civ. Code, §§ 1798.1, subd. (a), 1798.24.) The IPA also defines " 'personal information' " to include home addresses. (*Id.,* § 1798.3, subd. (a).) However, the IPA expressly allows the disclosure of the "names and addresses of persons possessing licenses to engage in professional occupations." (*Id.,* § 1798.61, subd. (a).)

Once again, appellants' claim rises and falls on an argument that the Board is asserting the authority to publicly disclose the home addresses of physicians under its regulatory jurisdiction. As we have noted, the Board has done no such thing. And, to the extent a licensee chooses to continue using a home address as an address of record, knowing fully well that it will be posted on the Board Web site, the physician may be deemed to have waived any interest he or she may have in the confidentiality of such information. (See *Pettus v. Cole, supra,* 49 Cal.App.4th at pp. 448-449.) Thus, we conclude the trial court did not err when it found that the Board policy with respect to disclosure of physicians' addresses of record on its Web site does not violate the IPA.

### D.   *There Is No Other Legal Basis for Granting the Requested Relief.*

In reality, appellants' arguments boil down to a claim that physicians who do not have regular mail delivery at their workplace are entitled to home delivery for mail from the Board and may not be put to the cost (estimated at approximately $40 per year) or inconvenience of having to maintain a post office box. Further, they argue that they must be allowed to use their business or institutional address as their address of record for disclosure to the public, while retaining their home address for Board mailings. Thus, appellants argue that the Board must allow perhaps the only option it has foreclosed, i.e., that physicians be permitted to have *two* addresses of record—a home address for mailings from the Board and another address, of their choosing, to be provided to members of the public on the Board's Internet Web site. Only to that extent do appellants concede that the Board has the authority to post address of record information on the Internet. The problem with this argument is that neither the CPRA nor the IPA supports

appellants' argument, and appellants do not cite any other constitutional, statutory, or case law limitation on the Board's authority to determine for itself the specifics of its policy for collecting, compiling, and disseminating address of record information.

As we have noted, appellants do not as a general matter dispute the Board's interpretation of its statutory obligations to collect and maintain reliable, current address information about licensees (see Bus. & Prof. Code, §§ 136, subd. (a), 2021; Cal. Code Regs., tit. 16, § 1303), or to provide members of the public with that information upon request (see Gov. Code, §§ 6252, subd. (e), 6253, subds. (a) & (b); Civ. Code, § 1798.61, subd. (a).) Of course, any argument to the contrary would be quite surprising in light of the wide array of data regarding discipline, malpractice judgments and the like, which the Board is *expressly* required to disclose to the public upon request (see Bus. & Prof. Code, § 803.1, subd. (b); Cal. Code Regs., tit. 16, § 1354.5). We presume all physicians would want such information to be accurately attributed to the correct, specifically identified individual physician, and to no other. ▪ Moreover, the Board's interpretation of its statutory authority and duty to provide public access to address information of its licensees is entitled to great weight and respect from this court. (See *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 11-12 [78 Cal.Rptr.2d 1, 960 P.2d 1031]; *International Business Machines v. State Bd. of Equalization* (1980) 26 Cal.3d 923, 931, fn. 7 [163 Cal.Rptr. 782, 609 P.2d 1].)

▪ With the enactment of Business and Professions Code section 2027, the Board was required to post such information on the Internet. In response to that statutory mandate, the Board decided to include as identifying information both the names and addresses of record for all its licensees. In a declaration submitted with respondents' motion for summary judgment, the Board's executive director quite reasonably predicted that posting addresses of record and other public information about physicians on the Internet would both expand public access to, and reduce the cost of responding to the daily onslaught of written and telephonic inquiries for, such information.

Once again, however, section 2027 did not provide *express* statutory authorization for the Board to post physicians' address information on the Internet. Nevertheless, appellants concede that the Board has the authority to do so, but only so long as they "have the choice of using their office or institution address instead of their home, mailing address" as the address of record for that purpose. As we have already discussed, appellants plainly have that choice and there is simply no authority for appellants' claim that the Board may not limit physicians to a single address of record. It is entirely

reasonable for the Board to insist that the address of record posted for public information be the same as the required mailing address, i.e., the one the Board uses for official correspondence with its licensees. Having a single address on file for both purposes reduces the risk of confusion and improper disclosure of a home address the physician wishes to protect, and increases the likelihood that both the Board and members of the public will be able to locate the correct licensee when necessary.

When appellants' complaint is thus boiled down to its essence, it becomes clear that they are simply objecting to an economic burden (and a certain amount of personal inconvenience) that will result from the Board's policy with respect to posting licensees' address information on its Web site. In that regard, the Board has effectively forestalled the use of a home address for that purpose, and required each physician to maintain *either* a business address or a post office box for that purpose. However, this approach is neither unlawful nor arbitrary but, rather, a reasonable accommodation of the physicians' legitimate concerns about privacy and personal safety, the public interest in access to "information relating to the conduct of the public's business" (Gov. Code, § 6252, subd. (e)), and the Board's obligations with respect to disclosure of public information and the regulation of the practice of medicine.

In sum, there was no legal basis for enjoining the Board from posting its licensees' addresses of record on its Internet Web site. Accordingly, we conclude the trial court did not err by granting respondents' summary judgment motion and, on that basis, denying the relief requested by appellants.

### III. CONCLUSION

For all the foregoing reasons, the judgment of the trial court is affirmed. Respondents shall recover their costs on appeal.

Hanlon, P. J., and Reardon, J., concurred.