[No. F043967. Fifth Dist. May 20, 2004.]

BAKERSFIELD CITY SCHOOL DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
THE BAKERSFIELD CALIFORNIAN, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of three paragraphs designated by the asterisk on page 1047.

COUNSEL

Jones & Matson, Urrea C. Jones, Jr., Stephen K. Matson and Geoffrey R. Winterowd for Petitioner.

No appearance for Respondent.

Davis, Wright, Tremaine, Thomas R. Burke and Duffy Carolan for Real Party in Interest.

OPINION

**DAWSON, J.**—Petitioner, Bakersfield City School District (the District), challenges the superior court's order granting real party in interest, The Bakersfield Californian's, petition for writ of mandate for access to disciplinary records of Vincent Brothers (Brothers), a district employee. We will affirm.

## STATEMENT OF THE CASE AND FACTS

On July 24, 2003, The Bakersfield Californian filed a "VERIFIED PETITION FOR WRIT OF MANDATE/COMPLAINT FOR ACCESS TO PUBLIC RECORDS" seeking disclosure of "disciplinary records that [Bakersfield City School District] currently maintains regarding Mr. Vincent Brothers, a District employee."

On September 5, 2003, after counsel initially argued the matter, the court reviewed the personnel records of Brothers in camera. As to some of the records, the court denied disclosure after concluding that the records were not substantial in nature and that there was no reasonable cause to believe the complaints therein were well founded. However, as to complaints regarding an incident that allegedly occurred on February 20, 1996, which the court described on the record as "Sexual type conduct, threats of violence and

violence," the court found "that complaint is substantial in nature and that there is reasonable cause to believe the complaint is well founded." The court further found, "I am specifically finding that there are some documents related to one alleged incident. And the word 'alleged' is significant because this Court is not making any findings with regard to the truth of allegations or truth of complaints that are in the documents that I have reviewed." The court ruled that the documents must be produced after being redacted to exclude names, addresses and telephone numbers of all persons mentioned except for Brothers. The court ordered that the redacted documents be submitted to the court by September 12, 2003.

On September 12, 2003, the District substituted in a new law firm. On that same date, new counsel served and filed with respondent court an ex parte application for an order shortening time for hearing on the District's motion to file an amendment to the answer to join necessary parties and to file supplemental points and authorities and declarations in the action. On September 15, 2003, the court signed the ex parte order shortening time. The cause was continued until September 17, 2003.

On September 17, 2003, the court denied the motion to file an amendment to the answer and supplemental points and authorities on the ground that there were no new or different facts, circumstances or law upon which to grant reconsideration under Code of Civil Procedure section 1008. After reviewing the redacted documents, the court ordered disclosed seven pages that related to the February 20, 1996, incident. The court ordered the documents to remain sealed to permit petitioner the opportunity to seek review in this court. Upon filing of the petition, this court stayed the order dated September 17, 2003, pending further order of this court.

■ Petitioner's primary contention is that the court exceeded its jurisdiction and abused its discretion because the court applied the wrong standard in ordering disclosure under the California Public Records Act (CPRA). Petitioner contends and real party concurs that, pursuant to the CPRA, disclosure of a complaint against a public employee is justified if the complaint is of a substantial nature and there is reasonable cause to believe the complaint or charge of misconduct is well-founded. However, petitioner further contends that under this standard, "[a] charge or complaint is well-founded only if there is reasonable cause to believe the complaint or charge of misconduct is true" or if discipline has been imposed. We determine that neither the imposition of discipline nor a finding that the charge is true is a prerequisite to disclosure and that pursuant to the less rigorous standard, disclosure is appropriate.

## DISCUSSION

The standard of review of an order of the superior court under the CPRA is "independent review of the trial court's ruling; factual findings made by the trial court will be upheld if based on substantial evidence." (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1336 [283 Cal.Rptr. 893, 813 P.2d 240].)

■ The CPRA, codified at Government Code section 6250 et seq.,[1] provides for the inspection of public records maintained by state and local agencies, including local school districts. The CPRA embodies a strong policy in favor of disclosure of public records. Any refusal to disclose public information must be based on a specific narrowly construed exception to that policy. (*Lorig v. Medical Board* (2000) 78 Cal.App.4th 462, 467 [92 Cal.Rptr.2d 862]; *City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1425 [44 Cal.Rptr.2d 532].) The CPRA includes two exceptions to the general policy of disclosure of public records: (1) materials expressly exempt from disclosure pursuant to section 6254; and (2) the "catchall exception" of section 6255, which allows a government agency to withhold records if it can demonstrate that, on the facts of a particular case, the public interest served by withholding the records clearly outweighs the public interest served by disclosure. (*California State University, Fresno Assn., Inc. v. Superior Court* (2001) 90 Cal.App.4th 810 [108 Cal.Rptr.2d 870].)

The burden of proof is on the proponent of nondisclosure to demonstrate a "clear overbalance" on the side of confidentiality. (*California State University, Fresno Assn., Inc., supra,* 90 Cal.App.4th at p. 831.)

Section 6254, subdivision (c) states: "Except as provided in Sections 6254.7 and 6254.13, nothing in this chapter shall be construed to require disclosure of records that are any of the following: [¶] . . . [¶] Personnel, medical or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy." This "personnel exemption" was " 'developed to protect intimate details of personal and family life, not business judgments and relationships.' " (*Braun v. City of Taft* (1988) 154 Cal.App.3d 332, 343–344 [201 Cal.Rptr. 654].)

The parties agree that *American Federation of State etc. Employees v. Regents of University of California* (1978) 80 Cal.App.3d 913, 918 [146 Cal.Rptr. 42] (*AFSCME*) sets out the legal standard to be followed when weighing an individual's privacy rights against the public's right to know of an alleged wrongdoing for purposes of section 6254, subdivision (c).

---

[1] All further statutory references are to the Government Code, unless otherwise indicated.

■ The case provides that where complaints of a public employee's wrong-doing and resulting disciplinary investigation reveal allegations of a substantial nature, as distinct from baseless or trivial, and there is reasonable cause to believe the complaint is well founded, public employee privacy must give way to the public's right to know. (*AFSCME, supra,* at p. 918.) Petitioner relies on *AFSCME*, as well as *City of Hemet v. Superior Court, supra,* 37 Cal.App.4th at page 1425, and *Chronicle Pub. Co. v. Superior Court* (1960) 54 Cal.2d 548, 568–569 [7.Cal.Rptr. 109, 354 P.2d 637] for the proposition that a charge or complaint is well-founded only if it is found to be true or the public employee has been disciplined based on the complaint.

These cases do not support petitioner's contention that the imposition of discipline or "found to be true" is a prerequisite to release of the complaints to the public. In *City of Hemet*, a newspaper requested, pursuant to the CPRA, records of an internal investigation conducted by the city police department into actions of a police sergeant. The Fourth District Court of Appeal relied on *AFSCME* and held that section 6254, subdivision (c) provided no exemption for records relevant to charges of misconduct which had administratively been found to be true. *AFSCME* in turn, relied on *Chronicle Pub. Co. v. Superior Court, supra,* 54 Cal.2d 548, 568–569, which involved the public's right to information concerning records of complaints of wrongdoing against members of the State Bar of California. The court in *AFSCME* quoted extensively from *Chronicle Pub. Co.* as follows: " ' "Only strong public policies weigh against disclosure" ' " of such matters. Such a strong public policy was found in the case of trivial or groundless charges which often, 'no matter how guiltless the attorney might be, if generally known, would do the attorney irreparable harm . . . .' [Citation.] In such a situation the attorney was to be compared with ' " 'public officers and employes' " ' [*sic*] generally, against whom such communications ' " 'are to be considered as highly confidential, and as records to which public policy would forbid the. confidence to be violated.' " ' [Citation.] But where the charges are found true, or discipline is imposed, the strong public policy against disclosure vanishes; this is true even where the sanction is a private reproval. In such cases a member of the public is entitled to information about the complaint, the discipline, and the 'information upon which it was based.' [Citation.]" (*AFSCME, supra,* 80 Cal.App.3d 913 at p. 918; *Chronicle Pub. Co., supra,* 54 Cal.2d at pp. 568–569.)

Thus, a review of the cases relied upon by petitioner leads to the premise that there is a strong policy for disclosure of true charges. The cases do not stand for the premise that either a finding of the truth of the complaint contained in the personnel records or the imposition of employee discipline is a prerequisite to disclosure.

■ In evaluating whether a complaint against an employee is well-founded within the context of section 6250 et seq., both trial and appellate courts, working with little or nothing more than written records, are ill-equipped to determine the veracity of the complaint. The courts instead, both originally and upon review, are required to examine the documents presented to determine whether they reveal sufficient indicia of reliability to support a reasonable conclusion that the complaint was well founded. The courts must consider such indicia of reliability in performing their ultimate task of balancing the competing concerns of a public employee's right to privacy and the public interest served by disclosure. (§§ 6254, subd. (c), 6255; cf. *Kelvin L. v. Superior Court* (1976) 62 Cal.App.3d 823, 830–831 [133 Cal.Rptr. 325] [under Evid. Code, § 1040, "the fact that the charges against the officers were not substantiated [is a] factor[] which the court may weigh in deciding whether the public interest favors disclosure . . ."].)

Upon de novo review of the entire record before the trial court,[2] we conclude the documents reviewed provide a sufficient basis upon which to reasonably conclude the complaint in question was well founded.

✻

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The petition for writ of mandate is denied.

Ardaiz, P. J., and Vartabedian, J., concurred.

---

[2] After this case was argued, it came to this court's attention we had not been provided with the entire record relied upon by the trial court in ordering the records disclosed. This court ordered the record be augmented with the previously omitted material.