IN RE: THE DECISION OF THE STATE BOARD OF ELECTIONS DATED NOVEMBER 19, 1999 AND ROBERT J. BARKER, SR., PETITIONER/PLAINTIFF V. NORTH CAROLINA STATE BOARD OF ELECTIONS AND WAKE COUNTY BOARD OF ELECTIONS, RESPONDENTS/DEFENDANTS

No. COA01-1424

(Filed 5 November 2002)

**Elections— access to ballots cast in election—Public Records Act**

The trial court did not err by granting respondent State Board's motion to dismiss plaintiff candidate's petition for relief seeking access to ballots cast in an election pursuant to the Public Records Act because the Act does not provide a method for accessing the ballots when N.C.G.S. § 163-171 constitutes a clear statutory exemption or exception to the Act and provides the exclusive method for accessing ballots.

Appeal by plaintiff from order filed 23 July 2001 by Judge J.B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 17 September 2002.

IN RE DECISION OF THE STATE BD. OF ELECTIONS

[153 N.C. App. 804 (2002)]

*Atkins Hunt & Fearon, P.C., by Donald G. Hunt, Jr. and Belinda Keller Sukeena, for plaintiff appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Susan K. Nichols, for defendant-appellee North Carolina State Board of Elections, and Deputy County Attorney Shelley T. Eason for defendant-appellee Wake County Board of Elections.*

GREENE, Judge.

Robert J. Barker, Sr. (Plaintiff) appeals from an order filed 23 July 2001 granting North Carolina State Board of Elections (the State Board) motion to dismiss Plaintiff's "Petition for Relief."

After a 16 July 2001 hearing on defendants' motion to dismiss, the trial court made findings of fact.[1] These findings show Plaintiff was a candidate for mayor of Fuquay-Varina, North Carolina, in the 2 November 1999 election (the election). On 5 November 1999, the Wake County Board of Elections (the County Board) canvassed the votes cast in the election. The results showed Plaintiff had lost the election by sixteen votes. The State Board refused Plaintiff's request for a recount and he filed this action in the superior court requesting a stay of the certification of the election to allow for an investigation of allegations of voting irregularities. The trial court denied Plaintiff's request and remanded the case to the State Board for further proceedings. On 10 December 1999, Plaintiff appealed to this Court and petitioned for a writ of supersedeas. After denial of Plaintiff's petition to this Court on 21 December 1999, Plaintiff withdrew his appeal and the State Board ordered the election certified.

On 21 January 2000, on remand from the trial court, the State Board declined to take any further action on Plaintiff's requests for a recount or on his allegations of voting irregularities. Subsequently, Plaintiff verbally requested personal access to the ballots issued, voted, or returned during the election. The State Board also refused to take any action on this request. On 28 January 2000, Plaintiff filed the "Petition for Relief" in the trial court to compel access to ballot information. At a 16 July 2001 hearing, Plaintiff presented the sole issue as "whether sealed ballots constitute[d] public records" under

---

1. Since Plaintiff does not assign error to these findings of fact they are deemed to be supported by competent evidence and are conclusive on appeal. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982).

chapter 132 of the General Statutes (the Public Records Act), "and if so, whether they were subject to public access and inspection as public records."

The trial court concluded under the election laws of Chapter 163 of the General Statutes, including section 163-171 governing the sealing of ballots after an election, that "ballots used in municipal elections are not public records as that term is used in [the Public Records Act]."

---

The dispositive issue is whether N.C. Gen. Stat. section 163-171 provides the sole method for obtaining access to ballots cast in an election.

Plaintiff argues ballots cast in an election are subject to inspection pursuant to the Public Records Act (the Act). There is no dispute between the parties, and we agree, that ballots cast in an election are "public records" within the meaning of the Act. *See* N.C.G.S. § 132-1(a) (2001). As a general proposition "public records" are subject to inspection "at reasonable times and under reasonable supervision," N.C.G.S. § 132-6(a) (2001), and without regard to purpose or motive, N.C.G.S. § 132-6(b) (2001). If, however, the law "otherwise specifically" provides, public records are not subject to disclosure under the Act. N.C.G.S. § 132-1(b) (2001); *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 462, 515 S.E.2d 675, 685 (1999) (not within Act if "clear statutory exemption or exception").

In this case, the General Assembly enacted, as a part of the election laws, section 163-171, which specifically provides a method for obtaining access to ballots that have been cast in an election. This section unequivocally provides that ballot boxes shall be opened only "upon the written order of the county board of elections or upon a proper order of court." N.C.G.S. § 163-171 (1999) (repealed effective January 1, 2002).[2] Thus, section 163-171 constitutes a "clear statutory exemption or exception" to the Act and provides the exclusive method for accessing ballots.[3] *See Piedmont Publ'g Co. v. City of Winston-Salem*, 334 N.C. 595, 598, 434 S.E.2d 176, 177-8 (1993) (spe-

---

2. As the statute at issue in this case was repealed, we do not address the applicability of the Act with respect to ballots cast after the enactment of the current election laws.

3. Plaintiff does not assert any argument in his appeal that the State Board or the trial court erred in denying him access to the ballots under section 163-171. Accordingly, we do not address this issue.

cific statute controls over general statute where both statutes deal with the same subject matter).

Accordingly, because the Act does not provide a method for accessing the ballots, the trial court correctly allowed the State Board's motion to dismiss Plaintiff's petition.

Affirmed.

Judges WYNN and BIGGS concur.

