Filed 5/21/19

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITIZENS OVERSIGHT, INC., et al., Plaintiffs and Appellants, v. MICHAEL VU et al., Defendants and Respondents. | D073522 (Super. Ct. No. 37-2017-27595-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Hon. Kenneth J. Medel, Judge. Affirmed.

Care Law Group PC and Alan L. Geraci for Plaintiffs and Appellants.

Thomas E. Montgomery, County Counsel, Timothy M. Barry, Chief Deputy County Counsel and Stephanie Karnavas, Deputy County Counsel, for Defendants and Respondents.

Plaintiffs and appellants Citizens Oversight, Inc., a Delaware non-profit corporation, and Raymond Lutz (collectively, "Citizens") filed an action against defendants and respondents Michael Vu, the San Diego Registrar of Voters, and the County of San Diego (County) (collectively the "Registrar") seeking a declaration that

Citizens could inspect and copy ballots cast by registered voters during the June 7, 2016, California Presidential Primary Election (2016 Election) and a mandate requiring the Registrar to produce those ballots for inspection and copying. The trial court ruled that the ballots were exempt from disclosure under the California Public Records Act (CPRA or Act; Gov. Code, § 6250 et seq.) because Elections Code section 15370[1] prohibited disclosure. It granted the Registrar's demurrer to the complaint without leave to amend and issued a judgment of dismissal.

The Registrar has requested we take judicial notice of the judgment on the pleadings in a separate case between Raymond Lutz and Michael Vu, San Diego Superior Court case number 37-2016-23347-CU-PT-CTL. We grant this request pursuant to Evidence Code sections 452, subdivision (a) and 459.

Citizens has requested we take judicial notice of a case published by a New York appellate court, *Kosmider v. Whitney* (N.Y.App. 2018) 75 N.Y.Supp.3d 305 (*Kosmider*). We grant the request pursuant to Evidence Code section 451, subdivision (a).

## I. MOOTNESS

The Registrar and the County state in their brief that the ballots from the 2016 Election have been recycled, in accordance with section 17301, subdivision (c).[2] If so, this case is moot because there are no longer any ballots from the 2016 Election that

---

[1] Further statutory references are to the Elections Code unless otherwise specified.

[2] As discussed more fully below, section 17301, subdivision (c) provides that ballots in a federal election must be kept for 22 months, after which they shall be destroyed or recycled.

2

could be reviewed.  Citizens could obtain no effective relief even if the appeal were decided in their favor.  (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 848–849 (*Saltonstall*).)

An appellate court retains discretion to decide a moot issue if the case presents an issue of " 'substantial and continuing public interest' " and is capable of repetition yet evades review.  (*Saltonstall*, *supra*, 231 Cal.App.4th at p. 849.)  This policy applies here. Public disclosure of ballots is an important issue of public interest and the question of access will likely recur with federal elections.  Because the Registrar is authorized to destroy or recycle ballots 22 months after each federal election (§ 17301, subd. (c)), this issue is likely to recur yet to evade review, due to the time it takes to litigate a matter through the trial court and into the appellate court.  We therefore exercise our discretion to resolve this issue even though the ballots from the 2016 Election no longer exist. (*Ibid.*)

## II.  SEALING OF BALLOTS

A.  *Standard of Review*

A demurrer tests the legal sufficiency of a complaint.  We therefore exercise our independent judgment when reviewing a ruling that sustained a demurrer.  (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)  We accept as true all material facts properly alleged in the complaint, but not deductions, contentions, or conclusions of law or fact.  (*Ibid.*)

Further, we conduct an independent review of a trial court's ruling under the CPRA.  When, as here, there are no disputed facts, the application of the Act to the facts

3

is a question of law that is subject to de novo appellate review. (*Associated Chino Teachers v. Chino Valley Unified School Dist*. (2018) 30 Cal.App.5th 530, 536 (*Chino*).)

B. *Access to Records*

The California Constitution provides public access to information about governmental operations. It states, "The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." (Cal. Const., art. I, § 3, subd. (b)(1); *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 615 (*City of San Jose*).) "Openness in government is essential to the functioning of a democracy. 'Implicit in the democratic process is the notion that government should be accountable for its actions. In order to verify accountability, individuals must have access to government files. Such access permits checks against the arbitrary exercise of official power and secrecy in the political process.' " (*International Federation of Professional and Technical Engineers, Local 21, AFL-CIO v. Superior Court* (2007) 42 Cal.4th 319, 328–329.)

Our Constitution also provides all Californians with a right to privacy. (Cal. Const., Art. 1, § 1.) It provides, specifically, that "Voting shall be secret." (Cal. Const., Art. 2, § 7.) The privacy of the vote is a well-established social norm. (*Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 924.) Voters reasonably expect that their personal voting decisions will not be known to others. (*Ibid*.)

The CPRA balances the tension between open access to governmental records and the constitutional right of privacy. It sets forth broad rules for access to public

information, with exemptions that protect certain privacy rights. The Legislature has declared that, "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state," but it was also "mindful of the right of individuals to privacy." (Gov. Code, § 6250.) In light of this balance, the CPRA exempts from disclosure those public records that are expressly protected by statute (Gov. Code, § 6254, subd. (k))[3] and other categories of information when balancing openness and privacy interests. (Gov. Code, §§ 6254–6254.33; *City of San Jose*, *supra*, 2 Cal.5th at p. 616; *Chino*, *supra*, 30 Cal.App.5th at p. 536.)

We interpret the Act by determining the Legislature's intent in order to effectuate the law's purpose. " ' "We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." ' " (*City of San Jose*, *supra*, 2 Cal.5th at p. 616.) Thus, we turn to the language of the Election Code statutes governing the counting and maintaining of ballots, set within the context of the election procedures created by the Legislature.

---

[3] Section 6254, subdivision (k) provides:
"(k) Records, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."

## C. *Election Procedure and Laws*

Ballots are counted in a central location in San Diego.[4] When the polls close on an election day, each precinct board bundles up and seals into a package or packages all of that precinct's voted, spoiled, canceled and unused ballots. (§ 14431.) The precinct board prepares another package or packages with the roster of voters, the index used as the voting record, the challenge list, the assisted voters' list, and any tally sheets that were used at the precinct. (§ 14432.) All the packages are taken to the central counting location. (§ 12109.) The Registrar conducts a semiofficial canvass of the ballots and then an official canvass at this central location. (§ 15150 [semiofficial canvass]; § 15300 [official canvass].) The Registrar must provide public notice of the counting location, and members of the public may come and observe the counting. (§§ 12109 [notice], 15204 [observation].)

Any registered California voter can request a recount after the official canvass is completed and within five days beginning on the 31st day after a statewide election, or within five days following completion of a post-canvass risk-limiting audit is performed. (§ 15621.) The requestor must pay the cost of the recount. (§ 15624.) The recount must be open to the public. (§ 15629.) The ballots may be publicly examined during the recount but may be touched or handled only by an elections official or with the consent of and supervised by the elections official. (§ 15630.)

---

4     The Registrar states that all ballots in San Diego are counted at a central counting place, not at the polling locations.

After the count is completed, the Registrar must seal and maintain the packages of voted, spoiled, cancelled and unused ballots, along with the identification envelopes for vote by mail ballots and provisional ballots. For federal elections, these ballot packages must be kept, unopened, for 22 months. After 22 months have passed the ballot packages must be destroyed or recycled. (§§ 15370, 17301.) Section 15370, within the Article entitled "Ballot Security and Reporting of Results" states, "After ballots are counted and sealed, the elections official may not open any ballots nor permit any ballots to be opened except as permitted in Sections 15303 and 15304, or in the event of a recount." Sections 15303 and 15304 pertain to questioning the members of a precinct board about defective ballots. Section 17301 states that in federal elections, the ballot packages "shall be kept by the elections official, unopened and unaltered, for 22 months from the date of the election." (§ 17301, subd. (b).) Exceptions exist if the vote is contested or if there is a criminal prosecution regarding election fraud. (§ 17301, subd. (c).) If there is no contest or criminal prosecution within 22 months, the elections official "shall have the ballots destroyed or recycled. The packages [of ballots] shall otherwise remain unopened until the ballots are destroyed or recycled." (§ 17301, subd. (c).)

The Registrar also maintains separate packages of the tally sheets, voting rosters, challenge lists and assisted voters' lists for 22 months after federal elections. (§ 17303.) Unlike the ballot packages, however, the packages of tally sheets, voting rosters, challenge lists and assisted voters' lists may be inspected by all voters any time after the commencement of the official canvass of the votes. Section 17303, subdivision (c) states,

7

"All voters may inspect the contents of the package or packages at all times following commencement of the official canvass of the votes."

D. *Discussion*

The Legislature specified in clear language that after being counted, ballots "shall be kept . . . *unopened and unaltered*." (§ 17301, subd. (b), emphasis added.) Further, "[a]fter ballots are counted and sealed, the elections official *may not open any ballots nor permit any ballots to be opened*." (§ 15370, emphasis added.) Both statutes have exceptions not applicable here. In contrast, other election materials including tally sheets, voting rosters, and other lists are specifically open for public inspection. (§ 17303, subd. (c).) The language of the statutes could not be more clear. Ballots are expressly protected from disclosure by statute. (Gov. Code, § 6254, subd. (k).)

California courts have not addressed the issue of disclosure of ballots. Other states have addressed this issue and in each case, the decision is based upon the particular language of the statutes governing counting and maintenance of the ballots.[5] In a split decision in *Kosmider*, the two-justice plurality opinion closely parsed the language of a New York election statute in determining that electronic ballots "shall remain sealed" only until the information was transferred into permanent storage. The information was open to public inspection after being transferred. (*Kosmider*, *supra*, 75 N.Y.Supp.3d at

---

[5]    See *White v. Clark County* (Wash.App. 2017) 401 P.3d 375; *Sumner v. New Hampshire Secretary of State* (N.H. 2016) 136 A.3d 101; *White v. Skagit County* (Wash.App. 2015) 355 P.3d 1178; *White v. Clark County* (Wash.App. 2015) 354 P.3d 38; *Price v. Town of Fairlee* (Vt. 2011) 26 A.3d 26; *Marks v. Koch* (Colo.App. 2011) 284 P.3d 118; *Smith v. DeKalb County* (Ga.App. 2007) 654 S.E.2d 469; *In re Decision v. State Bd. of Elections* (N.C.App. 2002) 570 S.E.2d 897.

8

pp. 308–309.)  A concurring justice interpreted the statute as not creating an exemption to the freedom of information act, but as permitting inspection with a court order.  (*Id*. at pp. 310–311, conc. opn. of Aarons, J.)  Two justices dissented, finding the statute created an exemption from New York's freedom of information act, and created an exclusive means of reviewing ballots by first obtaining a court order.  (*Id*. at pp. 311–312, dis. opn. of Rumsey, J.)  New York has no common-law right of privacy and its Constitution protects privacy only against state action.  (*Arrington v. New York Times* (Ct.App. 1982) 55 N.Y. 2d 433, 440, 443.)

We note that members of the public can observe the counting of ballots (§ 15204) and can request a recount if not satisfied with the government's conduct of the counting (§ 15621).[6]  It is also notable that the Voter's Bill of Rights, § 2300, gives the public a right to observe the election process (§ 2300, subd. (9)(A)), but does not provide any other right to inspect the ballots.  (§ 2300.)

Upon independent review, we conclude that the Legislature has exempted ballots from disclosure under the CPRA by specific, clear language in sections 15370 and 17301.  We must follow the plain meaning a statute when, as here, the language is clear.  (*City of San Jose*, *supra*, 2 Cal.5th at p. 616.)

---

[6]      Citizens filed an action in the San Diego Superior Court contesting the election, but the case was dismissed because the Sacramento County Superior Court has exclusive jurisdiction for contests of presidential primary elections.  (§ 16421.)

9

## DISPOSITION

Affirmed.  Costs to be awarded to respondent Registrar.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.