Filed 9/24/21  Marriage of L.R. and K.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of L.R. and K.A. | D078331 |
| L.R., | |
| Appellant, | (Super. Ct. No. D557861) |
| v. | |
| K.A., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Dismissed.

L. R., in pro. per.; Elyse B. Butler and Chalsie D. Keller for Appellant. [*Retained.*]

Linda Cianciolo for Respondent.

INTRODUCTION

L.R.[1] (Mother) appeals from a family court minute order that confirmed an earlier ex parte order suspending her visitation rights and directed the transportation of the minor child to the office of Minor's counsel so the child could be transferred to K.A. (Father).  Because neither of these rulings is appealable, and because the order directing the transfer of the child has expired and is also now moot, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from what appears to be a long, contentious custody battle between the parties in what is now a six-year-old dissolution case. Mother filed a petition for dissolution on October 26, 2015.  The parties have a 10-year-old daughter (the child) and have been co-parenting her under *pendente lite* child custody and visitation orders.  As best as we can determine from the record before us, other than a status-only judgment terminating the marriage entered on November 1, 2018, there has been no trial or judgment entered on any issues in the dissolution, including child custody and visitation.[2, 3]

_____

1    Pursuant to rule 8.90 of the California Rules of Court, we refer to the parties by first and last initials only.

2    Although our record of the trial court proceedings is sparse, the factual and procedural events relevant to this appeal are not complicated.

3    Mother filed this appeal in pro. per. and her notice designating the record on appeal included only her notice of appeal, the trial court's September 23, 2020 minute order, and the register of actions for inclusion in the clerk's transcript.  She has since retained counsel on appeal and filed a motion on May 6, 2021, to augment the record.  We granted her motion and, as a result, the following documents were added to the appellate record:  a September 1, 2020 declaration of Mother and related exhibits; an August 31, 2020 ex parte application filed by Father; a September 1, 2020 ex parte order

2

The operative custody and visitation orders are set forth in the June 13, 2019 FOAH, which was entered after a May 10, 2019 hearing that was held on Mother's Request for Order, filed January 25, 2019. Pursuant to the June 13, 2019 FOAH, the family court awarded Mother and Father with joint legal custody, Father with primary physical custody, and Mother was ordered to have professionally supervised parenting time three days each week at a visitation center. The court also ordered that Mother undergo "an independent psychiatric evaluation to specifically address whether it would be beneficial for her to consider a trial of psychiatric medication regarding anxiety, and any other psychiatric condition." The court set a half-day

granting the August 31 application; a September 3 ex parte application filed by Minor's counsel and a related September 4 ex parte order granting the application; and a September 4 declaration filed by Mother's sister.

On June 8, 2021, Father moved to augment the appellate record with the following documents: (1) a Findings and Order After Hearing entered on June 13, 2019 (the June 13, 2019 FOAH); (2) a domestic violence restraining order (DVRO) issued February 27, 2020; (3) a declaration of Father filed on September 22, 2020; (4) an ex parte application and order filed on September 28, 2020; and (5) an amended DVRO issued September 29, 2020. Mother opposes adding document (1) to the record. We grant Father's motion in part insofar as it seeks augmentation of the record with documents (1), (2), and (3). We deny the motion as to documents (4) and (5), as these records were filed after the September 23, 2020 minute order challenged on appeal. (*In re K.M.* (2015) 242 Cal.App.4th 450, 455 [" 'Augmentation does not function to supplement the record with materials not before the trial court.' "].)

On July 28, 2021, after Father filed his response brief on appeal, Mother filed a supplemental motion to augment seeking to include a transcript of an August 7, 2020 hearing in the appellate record. Mother argues certain statements by counsel in the transcript help reveal that the trial court's June 13, 2019 FOAH (discussed *post*) was a temporary order and not fully litigated as of September 23, 2020. Father opposes the motion based on his dispute with Mother's contention that the June 13, 2019 FOAH was temporary. We do not find this to be a persuasive reason for denying the motion, and accordingly we grant Mother's supplemental motion to augment.

3

evidentiary hearing on custody and visitation for November 27, 2019 and ordered that Mother provide the results from the psychiatric evaluation and that Dr. Sparta, the examining psychologist, also testify at that time. The court further stated that it "will not consider *changing* its custody order without Mother providing the results of the psychiatric evaluation." (Italics added.)

After the June 13, 2019 FOAH was entered, the court modified its order regarding Mother's supervised parenting time with the child several times, including as a result of a DVRO issued against Mother for the protection of Father and the child, on February 27, 2020.[4] At an August 7, 2020 hearing, in which Mother requested a change of the professional visitation monitor, Minor's counsel lamented that "trial on custody and visitation" still had not taken place and asked that it "be set as soon as [the court] is able to do so" in order for the parties to finalize the matter of child custody and visitation. Father's counsel asserted that Mother had "not heeded" the court's orders from the June 13, 2019 FOAH and that he had "seen no information that [Mother] has addressed the mental health issue." The court discussed possible future hearing dates with counsel, although it is not clear what dates were ultimately selected.

On September 1, 2020, pursuant to Father's ex parte application filed the day before, the court issued an ex parte order that "[Mother's] visitation rights with the Minor child are suspended forthwith, *pending further Court order.*" (Italics added.) The court ordered that "[a]ny contact between Mother and the Minor child shall be through telephone/virtual contact only, and shall be at the direction of the child's therapist as well as supervised by

---

[4] On Mother's appeal and in a decision filed July 27, 2021, we reversed the DVRO. (*In re Marriage of L.R. and K.A.*, D077533.)

4

the child's therapist" and that "[Mother] or a designated third party are ordered to return the child to Father's custody at [the offices of Minor's counsel] at 5:00 PM September 1, 2020." It further ordered that if Mother failed to return the child to Father by the time and place designated, "this case is referred to Law Enforcement for enforcement of this Court's orders as well as the San Diego County District Attorney's Office Child Abduction Unit for immediate location and return of the child." The court then set a review hearing on its orders for September 23, 2020.

On September 4, 2020, the court issued another ex parte order upon application filed by Minor's counsel. Minor's counsel averred, "Mother has failed and refused to return child to Father's care after her supervised visitation was terminated on 8/30/2020; Mother has failed and refused to comply with this Court's 9/1/2020 order to return the child[.]" The court ordered that law enforcement was authorized to facilitate the exchange of the child pursuant to the court's order of September 1, and that "Mother's visitation [is] suspended immediately—no contact of any kind with child *pending further court order*." (Italics added.)

On September 23, 2020, the court held its review hearing of the ex parte orders made on September 1 and 4. Mother and Father appeared with their attorneys. Minor's counsel appeared on behalf of the child. Father testified that he still did not have custody of the child and had not seen her since August 30. After hearing from Father—Mother invoked her right to remain silent on advice of counsel—and arguments by the attorneys, the court found Mother "clearly in violation of the Court's two prior ex parte orders." The court stated it was "deeply, deeply concerned about Mother's conduct and her absolute defiance of this [c]ourt's orders" and found that Mother was "placing this child in an incredibly emotional[ly] abusive

5

situation and jeopardizing this child's emotional health and creating a situation that is untenable."

In a minute order dated September 23, 2020, the court ordered, among other things, the following:  It "confirm[ed] its prior ex parte order of September 03, 2020 [*sic*]."  It ordered Mother "to designate a third party to personally transport the minor child . . . to the office of [Minor's counsel], today, September 23, 2020, at 4pm."  It further ordered that "[t]he child is to be transported whether or not the child agrees or disagrees with the order, and regardless of [the child's] emotional state.  The custodial exchange is to be effectuated no later than 4:15 PM today [September 23]."  The court set a further hearing for December 16, 2020, although it did not specify the purpose of this hearing.

On November 23, 2020, Mother filed a notice of appeal of the trial court's September 23, 2020 minute order.

## DISCUSSION

Mother seeks reversal of the following two rulings in the September 23, 2020 minute order:  (1) the ruling confirming the trial court's ex parte order suspending Mother's visitation rights with the child "pending further [c]ourt order," and (2) the ruling requiring the child to be transported to the office of Minor's counsel no later than 4:15 p.m. on September 23, 2020, "regardless of [the child's] emotional state."  Mother argues that in issuing these rulings, the court failed to act in the child's best interest.

We requested supplemental briefing from the parties on the appealability of these rulings, and on the mootness of Mother's challenge to the order to transport the child to her attorney.  We conclude that neither of the rulings is appealable, and that challenge to the latter ruling raises an issue that is now moot.

6

"Generally, a reviewing court acts in the procedural context of either a direct appeal or a writ proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Ibid.*; see *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083 (*Smith*) ["In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel."].) A trial court order is not appealable unless "made so by statute." (*Griset*, at p. 696; see also *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 (*Enrique M.*).) Code of Civil Procedure section 904.1 (hereafter "section 904.1") is the primary statutory authority for appeals of civil matters. (See *Enrique M.*, at p. 1377.)

"Section 904.1 serves to avoid piecemeal litigation by limiting appeals to final judgments, postjudgment orders, and certain enumerated orders." (*Smith*, *supra*, 208 Cal.App.4th at p. 1083.) " 'California is governed by the "one final judgment" rule which provides "interlocutory or interim orders are not appealable, but are only 'reviewable on appeal' from the final judgment." ' " (*Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th 140, 144 (*Brown*).) Although "[i]nterlocutory rulings ' "within the statutory classes of appealable interlocutory judgments" ' remain appealable[,] . . . the appellant bears the burden of establishing the appealability of such a ruling." (*Ibid.*)

Mother asserts that we have appellate jurisdiction over the challenged rulings under subdivisions (a)(1) and (a)(10) of section 904.1. Subdivision (a)(1) provides, in relevant part, that an appeal may be taken "[f]rom a judgment, except an interlocutory judgment[.]" Subdivision (a)(10) allows an appeal to be taken "[f]rom an order made appealable by the Probate Code or the Family Code."

7

Mother argues that section 3454 of the Family Code permits an appeal to be taken from a " 'final order' " in a proceeding under the Uniform Child Custody Jurisdiction and Enforcement Act. However, Family Code section 3454 is inapposite. The orders rendered appealable by this statute are those enforcing "an order for the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction." (*Enrique M.*, *supra*, 121 Cal.App.4th at p. 1377.) The September 23, 2020 minute order is not such an order. Accordingly, Mother fails to establish that we have appellate jurisdiction under subdivision (a)(10) of section 904.1.

Under subdivision (a)(2) of section 904.1, an appeal may be taken from a *postjudgment* custody order. (§ 904.1, subd. (a)(2) [providing that an appeal may be taken from "an order made after a judgment made appealable by paragraph (1)"]; see *Enrique M.*, *supra*, 121 Cal.App.4th at p. 1377 [postjudgment order denying parent's request to modify prior stipulated order governing parenting schedule was appealable].) Mother, who bears the burden of establishing appellate jurisdiction, does not invoke this provision, nor does she contend the September 23, 2020 minute order was preceded by an appealable final judgment. Moreover, neither side asserts or otherwise establishes that the June 13, 2019 FOAH qualified as a final judgment. Thus, the arguments and record before us do not support the exercise of appellate jurisdiction under section 904.1, subdivision (a)(2).

This leaves us to consider whether the challenged rulings are appealable under section 904.1, subdivision (a)(1), the only other provision invoked by Mother. This subdivision embodies the final judgment rule. To be appealable under this subdivision, an order must "finally determine all issues or end the litigation between the parties." (*George v. Shams-Shirazi* (2020) 45 Cal.App.5th 134, 141 (*Shams-Shirazi*).) A ruling that merely

8

decides custody or visitation issues on an interim or temporary basis is not subject to appeal. "A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559 (*Lester*).) "[I]nterim custody orders are nonappealable." (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456.) Immediate review of such interlocutory custody orders can be sought only by petition for writ relief. (*Lester*, at p. 565 [the nature of temporary custody orders "compels the swiftest possible review of any challenge[,] [and the] writ process, not the appeal process, is the way to get that review"].)

Mother contends the September 23, 2020 minute order was a "final order" and therefore appealable. We disagree. In part, Mother focuses on whether the minute order required the signature of a judge or directed the preparation of a further, formal order. For our purposes, however, these aspects of the minute order are not consequential. " ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative" ' of whether an order is a final judgment." (*Shams-Shirazi*, *supra*, 45 Cal.App.5th at p. 141, fn. 5, quoting *Griset*, *supra*, 25 Cal.4th at p. 698.) Instead, the question is whether the minute order purported to finally adjudicate the parties' rights of custody or visitation. We conclude that it did not.

We find no indication that the September 23, 2020 minute order confirming the September 4 ex parte order that Mother's visits with the child were "suspended . . . pending further court order" was intended to finally dispose of custody or visitation issues. The plain language of the ruling conveys an impermanent, nonfinal resolution of the issues before the court. The word "suspend" means "to withdraw *temporarily* from any privilege."

9

(Webster's 3d New Internat. Dict. (2002) p. 2303, col. 2, italics added.)  The court's use of the word "suspended" (rather than "terminated," "revoked," or the like) conveyed that Mother's visitation rights were being paused for a finite period, and also suggested the possibility of a return to the status quo *ante*.  The court's statement that visitation was suspended "pending further court order" conveyed an intent to revisit the matter in the future.  As Father points out, the September 23, 2020 minute order scheduled a further hearing for December 16.  While Mother argues the court did not specifically schedule the suspension of her visitation rights for a review hearing, it is nevertheless apparent this aspect of the minute order did not end the litigation.  Accordingly, the first ruling Mother seeks to challenge on appeal is not appealable.  (*Lester*, *supra*, 84 Cal.App.4th at p. 559.)

We further conclude that the ruling requiring the child to be transported to Minor's counsel's office no later than 4:15 p.m. on September 23, 2020, "regardless of [the child's] emotional state," cannot reasonably be characterized as a final adjudication of custody or visitation issues.  Mother argues this ruling was "permanent" and therefore appealable as a final order because "[n]o further hearing was requested or set."  However, the failure to schedule a further hearing is not a meaningful omission given that that the transfer was to be accomplished in a matter of hours.  Moreover, we disagree that a ruling of such limited duration and fleeting effect can reasonably be characterized as "permanent."  In short, Mother also fails to demonstrate that we have appellate jurisdiction over this aspect of the minute order.  (See *Brown*, *supra*, 42 Cal.App.5th at p. 144 [appellant bears the burden of establishing appealability of interlocutory rulings]; Cal. Rules of Court, rule 8.204(a)(2)(B) [appellant's opening brief must "explain why the order appealed from is appealable"].)

10

Mother's challenge to the ruling requiring the child to be transported to Minor's counsel's office "regardless of [the child's] emotional state" suffers from the additional problem that it is now moot. "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (See *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144; *Lester, supra*, 84 Cal.App.4th at p. 566 ["A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief."].) Here, the ruling Mother asks us to review became inoperative after 4:15 p.m. on September 23, 2020; no relief can be obtained through reversal of an order that is already ineffective.

Mother urges us to review the ruling even though it has expired. She argues we can consider her challenge to this ruling despite its mootness because her appeal presents a matter of public interest, and because this is a high conflict case in which similar issues are likely to persist or recur. Although "[a]n appellate court retains discretion to decide a moot issue if the case presents an issue of ' "substantial and continuing public interest" ' and is capable of repetition yet evades review" (*Citizens Oversight, Inc. v. Vu* (2019) 35 Cal.App.5th 612, 615), we find neither circumstance present and, in any event, we have no discretion to review a non-appealable order.[5, 6]

---

[5] Father has filed a motion to dismiss Mother's appeal pursuant to the disentitlement doctrine, which disallows an appeal by a party who has refused to obey the superior court's valid orders. (See *Say & Say v. Castellano* (1994) 22 Cal.App.4th 88, 94.) In light of our disposition of this appeal, we deny Father's motion as moot.

11

## DISPOSITION

The appeal is dismissed.  Father is awarded his costs on appeal.


                                                                    DO, J.


WE CONCUR:



McCONNELL, P. J.



HUFFMAN, J.

---

6      Mother's request that we assign the case to a new judge upon remand is denied, as we see no cause to grant it.  (See *In re Marriage of Walker* (2012) 203 Cal.App.4th 137, 153 ["Our power to direct that a different judge hear the matter on remand should be 'used sparingly and only where the interests of justice require it.' "]; *Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303 [denying appellant's request to order the action assigned to a new judge where the challenged orders "do not suggest bias or whimsy on behalf of the court, only frustration and a desire to manage a complex case"].)