Filed 4/26/22  Severson & Werson, A Professional Corp. v. Sepehry-Fard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SEVERSON & WERSON, A PROFESSIONAL CORPORATION,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FAREED SEPEHRY-FARD,<br><br>Defendant and Appellant. | H047527<br>(Santa Clara County<br> Super. Ct. No. 17CH007672) |

### MEMORANDUM OPINION[1]

Appellant Fareed Sepehry-Fard seeks review of a workplace violence restraining order issued against him in favor of several employees of respondent Severson & Werson, a Professional Corporation (Severson).  After briefing in this appeal was complete, Severson elected to vacate the restraining order and dismiss the underlying action.  As the appeal is now moot, and this court cannot render any effectual relief on appeal, we will grant Severson's motion to dismiss the appeal.

---

[1] We resolve this case by memorandum opinion pursuant to Section 8.1, California Standards of Judicial Administration.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Severson initially obtained a restraining order against Sepehry-Fard in September 2017; this court reversed that order in 2019 in appeal number H045161, on the grounds Sepehry-Fard did not receive proper notice prior to the hearing. (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 942 (*Severson & Werson*).)[3] After this court issued its opinion, but before it issued the remittitur, Severson filed a new petition for a workplace violence restraining order, seeking protection for all of its employees, including the same four specifically named employees included in the prior order. Following a hearing, at which Sepehry-Fard failed to appear, the trial court granted a three-year restraining order on September 17, 2019, expiring September 17, 2022.

On November 7, 2019, Sepehry-Fard timely filed notice of the instant appeal from the September 2019 restraining order. In June 2021, Sepehry-Fard filed a motion for summary reversal, arguing that the September 2019 order was void as it was issued before this court issued the remittitur in appeal number H045161. This court deferred ruling on the motion for consideration with the appeal.

After the appeal was fully briefed, Severson filed a motion to dismiss the appeal as moot, contending that three of the four employees specifically protected by the restraining order no longer worked for the firm, and the fourth employee no longer worked on matters involving Sepehry-Fard, such that the restraining order was no longer needed. Severson had not asked the trial court to vacate the order, because of the

---

[2] This court has carefully reviewed the record and briefs submitted by the parties. The discussion is limited to those facts relevant to the issues addressed in this opinion. Sepehry-Fard filed requests for judicial notice on March 2 and March 16, 2020, ruling on which we deferred for consideration with the appeal. As the documents for which appellant seeks judicial notice are not relevant to the issue of mootness, we deny the requests.

[3] The facts underlying both the issuance of the restraining order and this court's reversal of that order are set forth in the opinion in *Severson & Werson* and will not be restated here.

automatic stay triggered by the pending appeal. Thus, it asked this court to vacate the restraining order and dismiss the appeal as moot. Sepehry-Fard opposed the motion. We briefly stayed the appeal and returned the matter to the trial court for the limited purpose of allowing Severson to file and obtain a ruling on a request to vacate the September 2019 restraining order. We deferred ruling on the motion to dismiss the appeal pending the trial court's ruling.

In March 2022, the trial court heard Severson's motion to vacate the restraining order and enter a voluntary dismissal of the action without prejudice.[4] Severson and Sepehry-Fard each appeared. After considering evidence and argument, the trial court granted Severson's motion, vacating the September 2019 restraining order, and dismissing the entire action without prejudice.

## II. DISCUSSION

As this court's duty is to decide actual controversies, and not to provide opinions on moot questions, we are generally required to dismiss an appeal where an event occurs that renders it impossible for this court to grant effectual relief to the appellant. (*Eye Dog Foundation v. State Bd. of Guide Dogs for Blind* (1967) 67 Cal.2d 536, 541.) We will not dismiss the appeal, "despite the happening of the subsequent event, if there remain material questions for the court's determination." (*Ibid.*) As the trial court has vacated the restraining order and dismissed the underlying action, Severson argues there is no longer a live controversy between the parties, such that this appeal has become moot and subject to dismissal.

In opposition, Sepehry-Fard suggests that dismissing the appeal as moot will leave him without remedy for alleged economic damages caused by Severson as a result of the

---

[4] On its own motion, this court takes judicial notice of the trial court's March 10, 2022 order on motion for voluntary dismissal. Although not before the trial court at the time it issued the September 2019 restraining order, we can consider post-order events that cause issues on appeal to become moot. (See *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

September 2019 restraining order and the other civil action pending between Sepehry-Fard and Severson's client, U.S. National Bank. Sepehry-Fard does not cite any legal authority indicating that he would be entitled to economic damages if we were to rule on the appeal on its merits and we are not aware of any authority that would allow this court to grant such relief where his challenge is to the issuance of a restraining order. The only relief available in this appeal is the reversal of the restraining order. The trial court's March 2022 order vacated the restraining order and dismissed the underlying action, leaving Sepehry-Fard in the same, if not better, position than if we ruled in his favor on appeal.

Sepehry-Fard indicates the appeal should proceed on its merits in order to "make an example" of Severson based on his allegations that the firm engaged in various acts of misconduct. We decline this invitation.

This court does have discretion to consider the merits of a moot appeal if the case raises the same controversy between the parties and is likely to recur. (See *In re Austin J.* (2020) 47 Cal.App.5th 870, 881.) While the litigation between Sepehry-Fard and Severson's client is ongoing, Severson has provided evidence that the employees who allegedly required protection under the restraining order either no longer work for the firm, or no longer work on matters involving Sepehry-Fard. Given Severson's willingness to vacate the restraining order and dismiss the action, we do not see the need to consider the merits of the moot appeal on this basis.

Nor does the appeal raise a matter of substantial and continuing public interest that is capable of repetition but likely to evade review as Severson's alleged need for a restraining order is specific to the relationship between the parties. (See *Citizens Oversight, Inc. v. Vu* (2019) 35 Cal.App.5th 612, 615.)

4

As the appeal is now moot, and no recognized exception to the mootness doctrine applies here, we will grant Severson's motion to dismiss the appeal.[5]

### III.    DISPOSITION

The appeal filed November 7, 2019, is dismissed as moot.

---

[5] Based on this opinion, Sepehry-Fard's motion for summary reversal is denied.

_____
Greenwood, P. J.


WE CONCUR:



_____
 Grover, J.



_____
 Lie, J.




Severson & Werson, A Professional Corporation v. Sepehry-Fard
No. H047527