Filed 5/14/25  Weissberg v. Peinado CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| STEPHEN WEISSBERG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>RENE PEINADO,<br><br>        Defendant and Respondent. | A170372<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-99-304332) |

**MEMORANDUM OPINION**[1]

This is the second of two appeals arising from an order directing the sale of Rene Peinado's home to pay a money judgment owed to Stephen Weissberg.  (Code Civ. Proc., § 704.760.)  In the first appeal, we reversed the sale order.  (*Weissberg v. Peinado* (Apr. 4, 2025, A169780) [nonpub. opn.] (*Weissberg I*).)  We then advised the parties of our intent to dismiss as moot this second appeal, in which Weissberg challenges an order setting the amount of the bond Peinado filed to stay enforcement of the sale order pending the first appeal.  After Weissberg objected to a dismissal based on mootness, we ordered supplemental briefing on the issue.

---

[1]  We resolve this appeal by a memorandum opinion providing a limited factual summary (Cal. Stds. Jud. Admin., § 8.1) because our opinion is nonpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

"[A]n appeal is moot if ' "the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' " (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 175.) Weissberg concedes his appeal is moot but asks us to decide it anyway, mainly on the theory that it raises an issue of broad public importance capable of repetition in a way that evades appellate review. (*People v. McCray* (2023) 98 Cal.App.5th 260, 267.)[2] While we do have discretion to decide a moot appeal in such a case (*ibid.*), the default rule is to dismiss moot appeals to avoid diverting scarce judicial resources from the resolution of live controversies to the issuance of advisory opinions. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) Weissberg has not persuaded us that this appeal comes within the "evading review" exception to that rule.

That exception applies if an issue of broad public importance arises in a setting that recurrently moots appeals raising the issue. (See *In re D.P.*, *supra*, 14 Cal.5th at pp. 283–287 [noting changed circumstances often moot dependency appeals, yet rulings can cause stigma or collateral consequences]; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 523–524 [considering appeal, mooted by death of conservatee, regarding standard for conservator's decision to withhold life support, which tends to evade review given affected persons' poor health]; *Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122 [considering appeal, mooted by appellant's execution, regarding how close to time of execution spiritual adviser can stay with prisoner]; *Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1011

---

[2] Weissberg also contends in passing that this moot appeal falls within another exception to the rule requiring dismissal—one that applies if " 'there may be a recurrence of the controversy between the parties.' " (*In re D.P.* (2023) 14 Cal.5th 266, 282.) We find that prospect unduly speculative here.

[considering conservatorship appeal, as one-year term of conservatorships often moots appeals]; *Citizens Oversight, Inc. v. Vu* (2019) 35 Cal.App.5th 612, 615 [considering whether ballots are exempt from disclosure under Public Records Act, though registrar had already recycled ballots at issue as required by law].)

Weissberg contends that the issue raised in this appeal—whether the trial court erred in calculating the amount of the bond Peinado filed in *Weissberg I*—is prone to repeatedly arise and then become moot, in a way evading review, because of the natural sequence of a pair of appeals like those here: i.e., one from the merits of a sale order and one from a later order setting the amount of a bond for the merits appeal. In the usual course, exemplified here, this court will first resolve the merits appeal, which will of necessity have been filed first. Once we decide the merits appeal, the very fact that it is no longer pending will moot the related bond appeal.

While that sequence might recur in a future case, this appeal is unlike most appeals in "evading review" cases, for it lacks comparable issues of intense importance, and of a constitutional dimension, to individual parties (e.g., *Thompson v. Department of Corrections*, *supra*, 25 Cal.4th at p. 122) or of broad importance to the public (e.g., *Citizens Oversight, Inc. v. Vu*, *supra*, 35 Cal.App.5th at p. 615). Although such features are not essential to convince an appellate court to consider a mooted appeal, we will decline to exercise our inherent discretion to do so here.

## DISPOSITION

The appeal is dismissed as moot. Peinado shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

3

SMILEY, J.


WE CONCUR:


HUMES, P. J.

LANGHORNE WILSON, J.


A170372
*Weissberg v. Peinado*

4