Filed 12/3/25 Munson v. City of Eureka CA1/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MICHAEL MUNSON et al., <br><br>        Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF EUREKA et al., <br><br>        Defendants and Respondents; | A172094 <br><br> (Humboldt County <br> Super. Ct. No. CV2301627) <br><br> ORDER MODIFYING OPINION |

BY THE COURT:

It is ordered that the opinion filed on November 5, 2025, be modified as follows:

On page 2, line 4 of the first paragraph the word "reptation" is deleted and replaced with the word "repetition."

This modification does not change the judgment.


Dated:_____                        _____
                                                      Miller, Acting P. J.

1

Filed 11/5/25  Munson v. City of Eureka CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHAEL MUNSON et al.,<br><br>        Plaintiffs and Appellants,<br>v.<br>CITY OF EUREKA et al.,<br><br>        Defendants and Respondents; | A172094<br><br>(Humboldt County<br>Super. Ct. No. CV2301627) |

Plaintiffs Michael Munson and Michelle Constantine Blackwell proposed an initiative for the ballot in the City of Eureka (City).  On September 28, 2023, the City notified plaintiffs that its examination of the initiative petition signatures was complete.  At its October 17, 2023 meeting, the city council voted to place the initiative on the November 2024 ballot.  The initiative was subsequently rejected by the voters at that election.

Meanwhile, plaintiffs had filed this action against the City, alleging it violated the Elections Code by taking action on the initiative at its October 17, 2023 council meeting instead of its earlier October 3, 2023 meeting.  Plaintiffs do not contend any "serious harm" resulted from this, beyond the purported technical violation of the law.  The trial court sustained the City's demurrer without leave to amend on multiple grounds, including mootness, and dismissed the action with prejudice.

1

On appeal, plaintiffs concede the issue is moot but argue the trial court should have exercised its discretion to decide an otherwise moot issue because it raises a matter of substantial and continuing public interest capable of reptation yet evading review.  We disagree and affirm.

**BACKGROUND**

Plaintiffs were the official proponents of an initiative for "changes to the City's General Plan relating to residential housing and public parking in the City's downtown area."  They submitted an initiative petition with signatures to the city clerk on August 28, 2023.

Elections Code section 9210, subdivision (b),[1] requires an election official to examine and determine the number of signatures affixed to an initiative petition.  On September 28, 2023, the City notified plaintiffs that examination of the petition signatures was complete and the matter would be placed on the next regular city council agenda for its October 17, 2023 meeting.  Sections 9114 and 9115, subdivision (f), require an election official to certify the results of the examination "at the next regular meeting of the board."

On October 3, 2023, plaintiffs sent a letter to the City contending that its "impending failure" to certify the results at its council meeting later that same evening would violate section 9115.  The City responded that it could not put the matter on for October 3rd because that agenda had already been published, and section 9115 could not be reasonably interpreted to conflict with agenda notice requirements under the Brown Act (Gov. Code, § 54950 et seq.).  (Gov. Code, § 54954.2. subd. (a)(1) [posting of agenda "at least" 72 hours before regular meeting]; *id.* § 54953.7 [providing for requirements beyond "minimum standards" in Brown Act that allow "greater access" to

_____

[1] Further undesignated statutory references are to the Elections Code.

2

meetings]; Eureka Mun. Code, § 30.01, subd. (D) [requiring publication of agenda "on the Wednesday prior to the regular Council meeting"].) The Wednesday prior to the October 3rd council meeting was September 27th. Plaintiffs' letter acknowledged "the Brown Act's notice and agenda requirements present a potential obstacle in this regard," but pointed out the City could add to its agenda after posting if there was a "need to take immediate action." (Gov. Code, § 54954.2, subd. (b)(2).) The City responded that there was no such need.

The day before the October 17, 2023 council meeting, plaintiffs filed this action. While the amended petition for writ of mandate and complaint originally asserted four causes of action, plaintiffs subsequently waived three of those claims and proceeded with only a single cause of action seeking declaratory relief that the City violated the Elections Code when it failed to certify the initiative at the October 3, 2023 meeting.

After the October 17, 2023 meeting, the City filed a demurrer. The City argued that plaintiffs' remaining claim was moot because the initiative had been certified and the council had voted to place the initiative on the November 2024 general election ballot. The City also argued that plaintiffs had failed to allege facts sufficient to state a cause of action, and that there was no harm.

Plaintiffs opposed the demurrer, arguing that even if the claim was rendered moot by the council vote to place the initiative on the ballot, an exception to the mootness doctrine applied here because their claim raised "important questions affecting the public interest that are capable of repetition yet evading review."

The trial court sustained the City's demurrer without leave to amend, finding the amended petition "fails to state a claim on which relief can be

3

granted because (1) the facts do not support the allegation that the City violated the law; (2) the issues raised are moot; and (3) there is no harm on which to base relief." The trial court dismissed the amended petition with prejudice on September 20, 2024. The initiative was rejected by voters in the November 2024 election.

This appeal followed.

## DISCUSSION

As a general rule, " ' "the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "[A] moot case is one in which there may have been an actual or ripe controversy at the outset, but due to intervening events, the case has lost that essential character and, thus, no longer presents a viable context in which the court can grant effectual relief to resolve the matter." (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1222.)

"The general rule regarding mootness, however, is tempered by the court's discretionary authority to decide moot issues." (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 867.) Such an exercise of discretion may occur where the case poses an issue of " ' "substantial and continuing public interest" ' " that is capable of repetition yet evading review. (*Citizens Oversight, Inc. v. Vu* (2019) 35 Cal.App.5th 612, 615 (*Citizens Oversight*).)

Here, the trial court sustained the City's demurrer without leave to amend and dismissed the action with prejudice upon finding the issue raised

4

by plaintiffs' remaining cause of action was moot. The parties agree that the de novo standard of review applies to a judgment of dismissal after a demurrer is sustained without leave to amend.[2] (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Brown v. County of Los Angeles* (2014) 229 Cal.App.4th 320, 322.)

We agree with plaintiffs that, under certain conditions, California courts have considered election procedure disputes even after an election has taken place because they raise issues of substantial and continuing public interest. (*Gebert v. Patterson* (1986) 186 Cal.App.3d 868, 871–872 (*Gerbert*) [constitutional challenge to ordinance requiring prepayment of fee before publication of argument in voter handbook]; *Eblovi v. Blair* (2016) 6 Cal.App.5th 310, 311 [question of statutory interpretation regarding who can submit arguments on municipal initiative measure for ballot pamphlet]; *Election Integrity Project California, Inc. v. Lunn* (2025) 108 Cal.App.5th 443, 445–446 [determination of area " 'sufficiently close' " for observers to watch ballot processing]; *Weber v. Superior Court* (2024) 101 Cal.App.5th 342, 350 [question of whether independent nomination rules are applicable to party nomination]; *Citizens Oversight, supra,* 35 Cal.App.5th at p. 615 [determination on ballots as exempt from disclosure under California Public Records Act]; *Patterson v. Board of Supervisors* (1988) 202 Cal.App.3d 22, 26 [question of whether city attorney has the authority to delete ballot

---

[2] Neither party has argued that the abuse of discretion standard applies instead. (Cf. *Edelstein v. City and County of San Francisco* (2002) 29 Cal.4th 164, 172 [" ' "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot" ' "].) We need not and do not address this issue because, while we exercise our independent judgment here, we would reach the same result under either standard.

arguments from voter pamphlet as " 'false, misleading, or inconsistent' "];
*San Diego Public Library Foundation v. Fuentes* (2025) 111 Cal.App.5th 711,
718 (*San Diego Public Library*) [evaluation of procedures by election officials
to validate initiative petition signatures].)

We are not persuaded, however, that the conditions here give rise to
the same type of " ' "substantial and continuing public interest" ' " present in
these election cases. (*Citizens Oversight*, *supra*, 35 Cal.App.5th at p. 615.)
The plaintiffs in *Citizens Oversight*, for example, sought a declaration that
they could inspect and copy ballots cast by registered voters during a
presidential primary election. (*Ibid.*) The appellate court explained that
"[p]ublic disclosure of ballots is an important issue of public interest" and,
because the registrar was authorized to recycle ballots after an election, the
issue was likely to recur yet to evade review. (*Ibid.*) Here, unlike *Citizens
Oversight*, plaintiffs do not contend any "serious harm" resulted from the
initiative being certified on October 17, 2023 instead of two weeks earlier, on
October 3, 2023. This is not surprising, as the certification and council vote
to place plaintiffs' initiative on the ballot still occurred *over a year* before the
actual election.

Nor are we persuaded that plaintiffs have presented an issue of
"general" or "broad" public interest. (*Gebert*, *supra*, 186 Cal.App.3d at p. 872;
*San Diego Public Library*, *supra*, 111 Cal.App.5th at p. 722.) In *San Diego
Public Library*, the plaintiffs challenged determinations invalidating
initiative petition signatures based on street name errors, dating errors, and
admitted registrar errors. (*San Diego Public Library*, at pp.720-721.) The
appellate court concluded the case presented an issue of public interest "on
matters requiring uniform application of the law throughout the state." (*Id.*
at p. 724.) Here, in contrast, plaintiffs' remaining cause of action depends on

6

an interpretation of state election law and its interplay with a particular local law.  Plaintiffs take the position that the phrase "next regular meeting" in sections 9114 and 9115, subdivision (f) imposes a requirement without any consideration of the City's deadline for agenda publication under its municipal code.  (Eureka Mun. Code, § 30.01, subd. (D).)  Plaintiffs have not argued, in their opposition to the demurrer or in their briefing on appeal, that this issue applies more generally or broadly to other elections boards in the state.

Finally, plaintiffs' claim raises an issue that is highly factual in nature.  The City sent notice regarding completion of its petition signature examination on September 28, 2023.  It just so happened that September 28 was one day *after* the City's municipal code deadline to publish the agenda for its October 3, 2024 council meeting.  (Eureka Mun. Code, § 30.01, subd. (D).)  When matters arise before the City's agenda notice and publication deadlines, there is no such timing issue.  Courts decline to exercise their discretion to resolve moot issues where, as here, they are " ' "fact-specific" ' " or " 'dependent upon the specific facts of a given situation.' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215.)

For all of these reasons, we conclude the trial court did not err in sustaining the City's demurrer without leave to amend and dismissing the action with prejudice upon finding plaintiffs' remaining claim was moot.  Given this conclusion, we need not and do not address the parties' arguments regarding the alternative bases for demurrer and dismissal.

## DISPOSITION

The judgment is affirmed.  The City is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Miller, J.

WE CONCUR:


_____
Stewart, P. J.


_____
Desautels, J.


A172094, *Munson, et al. v. City of Eureka et al.*

8